## WILCOX v. BOSTICK.

1. LEASE.—A bilateral agreement under seal to put a party into possession of lands until debts due the first party have been paid, the second party agreeing to account, is a lease.
2. IBID.—REAL PROPERTY—PLEADINGS.—A COMPLAINT by a lessee against a lessor for possession of leased lands must allege entry by lessee under lease.

Before KLUGH, J., Barnwell, July, 1899. Affirmed.

Action by W. P. Wilcox against R. M. Bostick.

*Mr. I. L. Tobin,* for appellant, cites: 78 Ala., 926.

*Messrs. Bellinger, Townsend & O'Bannon,* contra, cite: 3 McC., 211; 16 N. H., 268; 1 Speer, 429; 37 S. C., 607; Code, 183; 51 How. Pr., 218.

April 3, 1900. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an appeal from an order sustaining a demurrer to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The action was to recover the possession of land. The complaint, in the first paragraph, alleged the execution of an indenture as follows: "State of South Carolina, County of Barnwell. This indenture made this 21st day of December, 1896, between R. M. Bostick, the lessor of the first part, and W. P. Wilcox, the lessee of the second part, witnesseth: that the party of the first part, in consideration of the covenants of the party of the second part hereinafter set forth, does by these presents lease to the said party of the second part the tract of land situated, lying and being in said State and county, and known as 'Pine Land' place, 'Field near Davant Settlement,' 'Moore Field,' and 'Little Moore Field,' without any reserve, with all the buildings and appurtenances to the place, from December 21st, 1896, until the rents and revenues from said place, and all other lands leased, that are not included in the above, until the amount of five hundred and ninety-six and 37-100 ($596 37-100) dollars, and interest that may accrue on the amounts, and all further indebtedness that may accrue from time to time until the whole is paid. And the party of the second part, in consideration of the leasing the premises as above set forth, agrees to pay the party of the first part all money and produce he receives from subleasing, which shall become due and payable at the time the party of the second part receives them. The party of the first part also agrees that all of the rents and other revenues that the party of the second part may receive from the said places to the amount of five hundred and ninety-six and 37-100 ($596 37-100) dollars, and interest that may accrue on the amounts, and all further indebtedness that may accrue from time to time until the whole is paid, shall be applied to the payment of the party of the first part's indebtedness to the party of the sec-

ond part.   The covenants herein shall be binding upon the heirs, executors, administrators and assigns of the parties to this lease.   Witness the hands and seals of the parties aforesaid, the day and the year first above written.   R. M. Bostick.   (L. S.) W. P. Willcox.   (L. S.)"   This instrument was executed in the presence of witnesses who attested.

The complaint further alleged: "2. That a large portion of the indebtedness secured, or intended to be secured, by the above written agreement remains unpaid.   3. That said Richard M. Bostick, defendant, has entered upon and taken possession of the entire premises above mentioned, to the exclusion of the plaintiff, and is collecting and appropriating the rents thereof to his own use, in violation of the said agreement and regardless of the rights of the plaintiff. Wherefore the plaintiff demands judgment for the possession of the said premises, and for such and further relief as may be just."

The Circuit Court, holding that the complaint was defective in not alleging that the plaintiff has entered on the lands, sustained the demurrer, and gave leave to amend in the particular mentioned.   Plaintiff appeals on the two grounds, condensed in his argument as follows: "1. Because the possession of the plaintiff is substantially alleged.   2. Because such an entry is not necessary to maintain this action; a right of action to obtain possession is all that is necessary."

The Circuit Court construed the writing set out above to be a lease, and ruled that if the lessee entered into possession under this contract, and before the debt was paid, the lessor entered upon the land to the exclusion of the lessee, then the lessee would have a right of action to recover the possession. No question is made as to the particular remedy sought, providing the said writing is a lease.   The defendant contends that the instrument is not a lease, Because: (1) it conveys no interest in the freehold; (2) is uncertain as to the duration of the time and amount of rent to be paid; (3) contains no binding obligation upon the

plaintiff to pay any rent whatever; and (4) is a mere mortgage or pledge of the rents to pay a debt. We agree with the Circuit Court that the indenture is a lease. The parties so described it, calling themselves lessor and lessee, and evidently intended to create that relation. They contract for the possession and profit of lands for a term of years for certain rent or other recompense; the "term" has a certain beginning, and the ending is capable of being made certain, terminating when the specified debt of the lessor to the lessee is paid by the rents received therefrom by the lessee, or otherwise paid by the lessor. The rent to be paid by the lessee is certain, or capable of being made certain, being measured and determined by the "rents and revenues" which the lessee should receive from subleasing, and payable when so received by crediting the same on the lessor's debt. On the principle which regards that as certain which may be made certain, this instrument comes within the definition approved in *State* v. *Page,* 1 Speer, 428: "A lease for years is a contract between the lessee and lessor, by which the lessor contracts to grant the possession and enjoyment of land or other hereditaments of a demisable nature for a period of years certain; and in most cases the lessee agrees to render to the lessor a rent in money or other kind of payment at the end of stated periods of a year or more during the term. Rent is not essential to the contract, because from favor or from valuable consideration given to the lessor at the time of making the lease, a lease beneficial in its nature to the lessee may be made without reserving any rent." But the lessee must enter into possession in order to acquire an estate in the land. 4 Kent Com., § 97; Tiedeman on Real Prop., § 174; 1 Wash. Real Prop., 412, 413. Until entry of the lessee, the lessor remains in possession, and cannot be said to have deprived the lessee of that which he never had. Therefore, in an action by the lessee to recover possession of the lessor, the lessee must allege an entry under the lease; otherwise, having no estate in the land, he cannot compel the owner in possession to deliver

him the possession. There are other remedies for a mere breach of the contract to give him possession. The complaint failing to allege such entry, either in express terms or substantially, the demurrer was properly sustained.

The judgment of the Circuit Court is affirmed.