## STATE v. GAY.

ENTRY AFTER NOTICE.—A TENANT leasing land for a calendar year under note and lien for rent but not having gone into actual possession until several days after first of January, the tenant for 1905 being then on land, is the "owner or tenant" of the land, under terms of Crim. Code 186, and one entering on the land on January 1st, after notice prohibiting such entry, is guilty of misdemeanor.
*State* v. *Green,* 35 S. C., 268, *distinguished from this.*

Before GAGE, J., Marlboro, May, 1906. Affirmed.

Indictment against Charley Gay for entry after notice in court of magistrate C. D. Easterling. From order on circuit affirming magistrate, defendant appeals.

*Mr. Jno. W. LeGrand,* for appellant, cites: 35 S. C., 268; 18 Ency., 211, 212, 219; 2 Black. Com., 144; 13 Allen, 346; 5 Mass., 419; 15 Mass., 439; 14 N. Y., 63; 83 Ind., 48; 42 N. Y., 372; 5 Coke, 123; 45 Md., 181; 33 N. Y. L., 44; 10 N. Y., 479; 39 N. C., 370; 2 Ch., 75; Coke's Lit., 636.

*Solicitor J. M. Johnson and Mr. T. W. Bouchier,* contra.

February 9, 1907.   The opinion of the Court was delivered by:

MR. JUSTICE JONES.   The defendant was convicted and sentenced in a magistrate's court for entry after notice, under section 186, Criminal Code, which provides that "Every entry upon the lands of another, after notice from the owner or tenant prohibiting the same, shall be a misdemeanor," etc.   This judgment was affirmed by the Circuit Court, and defendant appeals to this Court.

The owner of the land, McIntyre, having contracted to lease the same to the prosecutor, Campbell, for the year 1906, Campbell executed and delivered his note, under seal, dated November 8th, 1905, promising to pay the rent, sixty-five hundred pounds of lint cotton, on October 1st, 1906, and securing same by lien on the crop, and further stipulating to keep the premises in good condition by cleaning ditch banks, hedge rows and water drains and to forbid all unlawful trespass upon the same.   Peter Lide was tenant on the land for the year 1905.   On January 1st, 1906, while Lide was still on the land and before Campbell took actual possession, which occurred several days later, Campbell gave notice to the defendant not to enter the premises. After this notice, defendant, on January 1st, 1906, entered and removed two loads of stable manure, claiming the same as his own.   Upon these facts the appellant contends that his conviction was improper, on the ground that Campbell was not "owner or tenant," within the meaning of the statute, not being tenant in possession and having only the right to possession of the term, a mere *interesse termini.*

Campbell was undoubtedly a lessee of the premises on January 1st, 1906, and the owner doing nothing to prevent enjoyment of the land demised, he was liable to the owner under his covenant to pay rent, whether he actually entered or not. *Maverick* v. *Lewis & Gibbes,* 3 McCord, 211. It is true, that under the common law a lessee has no *estate* in the land demised until he has entered into possession, and this circumstance may affect his right to certain remedies dependent upon his possession of an estate therein. *Wilcox* v. *Bostick,* 57 S. C., 154, 35 S. E., 496. But the contract in this case, establishing the relation of lessor and lessee on January 1st, 1906, and the liability of the lessee to pay the stipulated rent, was sufficient to establish between the lessor and lessee the relation of landlord and tenant within the purview of the statute. Even if actual possession is necessary to consummate the estate of the lessee and make him a tenant, the lessee's estate in this case having been consummated by actual possession under the contract, on January 4th, 1906, he became tenant for the entire term beginning January 1st, 1906. The case of *State* v. *Green,* 35 S. C., 268, 14 S. E., 619, does not conflict with this view. It is true, that the Court therein declares that the statute was "meant to furnish the owner or tenant in possession of land the legal means to prevent any intrusion thereon by another after notice prohibiting any entry on the same," but the point decided was that it was not essential that the "owner" giving notice should have legal title, but that notice by an equitable owner or tenant at will in possession was sufficient. The question now before the Court was not under consideration in that case.

The exceptions are overruled and the judgment of Circuit Court is affirmed.