E. HERTZBERG v. CATHERINE BEISENBACH.

(Case No. 5489.)

1. ESTOPPEL.— One who contracts to rent a house for a term of years, to begin on a future day, on which possession is to be delivered, and who is unable to obtain possession at the time stipulated, but who afterwards accepts a proffer from his landlord to lease for a like term, for the same rent, to begin when possession was actually delivered, is estopped from claiming damages for the non-delivery of possession to him in the first instance.

---

---

2. LANDLORD AND TENANT — DAMAGES — COVENANT.— When premises are leased, with possession to be delivered at a future day, the lessor impliedly covenants that there shall be no impediment to the lessee's obtaining possession at the time stipulated; for a breach of such covenant an action will lie.

3. SAME.— But the implied covenant does not extend to any period beyond the day when possession is to be delivered. If, after that time, a stranger trespasses on the premises, and, obtaining possession, withholds it from the lessee, his remedy is against such stranger, and not against his landlord. Following King v. Reynolds, 67 Ala., 229, and Hays v. Porter, 27 Tex., 92.

APPEAL from Bexar. Tried below before the Hon. G. H. Noonan.

This suit was brought by appellant to recover $2,000 damages, alleging that on the 28th day of July, 1882, appellant and appellee entered into a written agreement, whereby appellee for a valuable consideration agreed and bound herself to give appellant possession on March 1, 1883, of certain premises situated in the city of San Antonio, Bexar county, Texas, under a lease for the term of five years thereafter. That appellee failed and refused to deliver unto appellant the possession on March 1, 1883, and continued in default until the 1st day of March, 1884, whereby appellant was damaged in the sum of $2,000, for which he asked judgment. Appellee answered by special and general exceptions and general denial, and on November 20, 1884, by supplemental answer, admitting the making of the contract of lease as set up in appellant's original petition, and that a tenant of appellee's was then in possession of the premises under a lease to expire February 28, 1883; that on that day appellee demanded of the former tenant possession of the premises, but that the tenant refused to vacate, but held over, whereupon appellee brought suit against such tenant wrongfully holding over; that the tenant wrongfully holding over vacated said premises in February, 1884, and that immediately thereafter, to wit, on the 1st of March, 1884, appellee delivered possession to appellant, and that appellant took possession thereof on said date and had continued in possession thereof ever since, paying the rent therefor as specified in the contract of lease; that he took such possession without objection or reservation, and without further stipulation or contract. That appellee had used due diligence to assist appellant to obtain possession of the premises, but that appellant had utterly failed and neglected to possess himself thereof, when he was, under contract with appellee, entitled thereto, and that it was understood that the appellant should have the additional time after the expiration of his lease, to wit, one year.

The cause was tried by the court and judgment rendered for appellee.

The first assignment of error was waived. The second, third and fourth assignments were as follows:

2d. The court erred in its finding of fact that there was an agreement between plaintiff and defendant that plaintiff should have an extension of one year after the expiration of his lease in *lieu* of the first year of his lease, during which he failed to obtain possession.

3d. The court erred in the finding of law that plaintiff, having taken possession of the leased premises on March 1, 1884, and continuing in possession thereof ever since, is estopped from claiming any damages for the time during which defendant, under said lease, failed to deliver said possession.

4th. The court erred in admitting testimony with reference to Mrs. Schlessinger being a tenant under defendant and wrongfully holding over, and that plaintiff's remedy was against such tenant wrongfully holding over, and not against the landlord.

*Breneman & Bergstrom*, for appellant, cited: Bigelow on Estoppel (3d ed.), 476–492; Scoby *v.* Sweatt, 28 Tex., 713; King *v.* Reynolds, 67 Ala., 229; Gardner *v.* Keteltas, 3 Hill (N. Y.), 330.

*L. C. Grothaus* and *A. W. Dillard*, for appellee.

DELANY, J. COM. APP.— The second and third assignments of error will be considered together. The second assignment does not present with perfect accuracy the findings of the court. The findings were as follows: "The court finds that plaintiff, after the expiration of one year, took possession of the leased premises under a proffer made by the defendant that he, the plaintiff, could occupy five years from that date at the same rent stipulated in the first instance. The court, therefore, is of opinion that the plaintiff, acquiescing in the proffer so made, and taking possession of the place and still occupying the place under the subsequent arrangement, is estopped from making any claim for damages he may have had."

Our opinion is that the court did not err. The finding of fact is fully supported by the evidence; and the court deduced· from it the correct conclusion.

The fourth assignment does not correctly represent the action of the court. The evidence that the preceding tenant had wrongfully held over, and thus had kept the plaintiff out of possession, was admitted probably because no objection was made to it on the trial. But the court did not hold that the plaintiff's right of action was against

the preceding tenant, rather than the defendant. From the language of the finding it would seem that the court regarded the plaintiff's cause of action as being against the lessor rather than the tenant who held over.

Upon this subject there seems to have been some diversity of opinion. The courts of New York hold that a lessee who is kept out of possession by a preceding tenant of his lessor holding over has his remedy against the tenant and not against the lessor. Gardner *v.* Keteltas, 3 Hill (N. Y.), 330. This rule is followed in quite a number of the states. We greatly prefer the English doctrine, which is that he who lets, agrees to give possession; and when the breach assigned was that the defendant did not give the plaintiff possession, it was held that an action could be maintained by the lessee against the lessor. Coe *v.* Clay, 5 Bing., 440.

The correct rule is thus clearly stated by the supreme court of Alabama: " We hold that when there is a contract of lease, and no stipulations to the contrary, there is an implied covenant on the part of the lessor that when the time comes for the lessee to take possession under the lease, according to the terms of the contract, the premises shall be open to his entry. In other words, that there shall be no impediment to his taking possession. But this implied covenant or agreement does not extend beyond that time. If after the time when the lessee is entitled to have the possession, according to the terms of the contract, a stranger trespass on, or take possession and hold, this is a wrong done to the lessee, for which the lessor is in no way responsible. And this is the rule whether the trespass is committed before or after the lessee obtains actual possession. The lessor's covenant extends no further than to guaranty that he had authority to make the lease, and that the premises will be open for occupancy when the contract gives to the lessee the right to enter." King *v.* Reynolds, 67 Ala., 233. See, also, Hays *v.* Porter, 27 Tex., 92.

Our opinion is that the judgment should be affirmed.

AFFIRMED.

[Opinion adopted May 19, 1885.]