## FIDELITY & CASUALTY CO. *v.* VANDYKE.

Where one, not a party to a promissory note, by a writing indorsed thereon and signed by himself undertakes to pay a portion of the principal sum due thereon, and is sued upon his contract so expressed, and it appears from the declaration that the maker, prior to the institution of the action, had paid upon the note a sum in excess of the amount stated in such writing, it will, in the absence of an allegation that such sum was paid before, be presumed that it was paid after such undertaking; and a demurrer to the declaration upon the ground that the defendant was discharged by such payment, and that therefore as against him the declaration stated no cause of action, was properly sustained.

November 2, 1896. Argued at the last term.

Complaint on note.    Before Judge Harris.    City court of Floyd county.    December term, 1895.

Suit was brought November 25, 1893, against VanDyke upon a note for $360.10, made by Raymond, payable to the order of the plaintiff, dated January 1, 1892, and due "twelve months (to be paid in monthly instalments) after date." Upon it were entered four credits of payments made, dated February 9, April 7, June 24, and September 20, 1892, the first three for $50 each, the last for $5.82. It was thus indorsed by VanDyke (without date): "I agree to see that one hundred and fifty and 00-100 dollars of the within note is paid." It was protested for non-payment, January 4, 1893. The declaration alleged, that Raymond was a citizen of Tennessee, and insolvent; that VanDyke had failed and refused to pay the $150 as he agreed by his indorsement to do; and that the note and the amount due by VanDyke as indorser was past due and unpaid, with interest from January 1, 1893. VanDyke demurred on the ground shown by the head-note. The demurrer was sustained, and plaintiff excepted.

*Reece & Denny*, for plaintiff.
*McHenry, Nunnally & Neel*, for defendant.

ATKINSON, Justice.

Whether VanDyke be treated as a surety or guarantor, his agreement amounted to nothing more than an engagement upon his part that the maker of the note should pay at least $150 upon the sum for which it was given. When that sum was paid by the maker, VanDyke was discharged. This sum was paid before the institution of the suit, and it was urged in reply to the demurrer, that it did not appear that the indorsement under which VanDyke bound himself was made before the payment of that sum. The presumption would be, inasmuch as he undertook to guarantee a specific portion of the debt, that his engagement

was entered into at the time of the execution of the note, otherwise the declaration would have alleged the fact that he had signed the indorsement under such circumstances as would make him absolutely liable for the sum still due upon the note. In the absence of such an allegation, it will be presumed not to be true. Pleadings are taken most strongly against the pleader, and the presumption is that he has alleged in the declaration all facts consistent with the truth which would impose a liability upon the defendant. There being no allegation in the declaration that the indorsement was made after the payment of the sums credited upon the note, and it appearing that the sum guaranteed by the defendant has been paid by the maker, the declaration, as against the guarantor, set forth no cause of action, and was properly dismissed on demurrer.

*Judgment affirmed.*