## MORRIS SCHWARTZMAN *vs*. WILMINGTON STORES CO.

1. LANDLORD AND TENANT—ALLEGATION THAT LEASE OR DEMISE WAS ENTERED INTO HELD NOT REAL BASIS OF CAUSE OF ACTION SO AS TO REQUIRE ALLEGATION OF POSSESSION.

   A statement in the declaration in a lessee's action for lessor's breach of contract in refusing to give possession and permitting another to take possession that a lease or demise was entered into *held* not the real basis of the cause of action so as to require an allegation that plaintiff entered into possession, but a mere recital of the origin of his claim showing his right to possession, failure to allow which constituted the cause of action.

2. LANDLORD AND TENANT—LESSEE MAY SUE LESSOR WHO INSTALLS ANOTHER FOR REFUSAL TO GIVE POSSESSION.

   Lessee has a right of action for damages against a lessor who by his own act installs a third person in the premises between the date of his agreement and the time lessee was to enter into possession thereunder.

3. LANDLORD AND TENANT—NO LIABILITY FOR FAILURE TO GIVE POSSESSION BEYOND DAY OF BREACH.

   A lessor's liability for failure to give possession to lessee does not occur at any time beyond the day when possession was to be delivered; liability being based on failure to give possession and not on quiet enjoyment.

4. PLEADING—ALLEGATIONS TAKEN MOST STRONGLY AGAINST PLEADER.

   In construing a pleading, everything is taken most strongly against the pleader, who is presumed to have stated his case as strongly as he can.

5. LANDLORD AND TENANT—DECLARATION FAILING TO ALLEGE THAT ACT DEPRIVING LESSEE OF POSSESSION OCCURRED PRIOR TO DATE ON WHICH HE WAS ENTITLED THERETO HELD BAD.

   A count in the declaration in a lessee's action for damages for lessor's refusal to give possession on September 25 as provided in the lease, alleging that during September or October defendant permitted another to take possession, and thereby deprived plaintiff of possession, *held* bad on demurrer; there being no rule of construction by virtue of which the court can conclude that lessor's act occurred prior to September 25.

6. LANDLORD AND TENANT—COUNT ALLEGING LESSOR'S REFUSAL TO PERMIT QUIET ENJOYMENT HELD BAD FOR FAILURE TO ALLEGE LESSEE'S POSSESSION.

   A count in the declaration in a lessee's action for damages for lessor's refusal to give possession on the date agreed on, alleging that defendant would not permit plaintiff "peaceably and quietly to have, hold, occupy", etc., the premises *held* bad on demurrer for failure to allege lessee's possession or occupancy, being based on violation, not of a right of possession, but of quiet enjoyment.

(*June* 30, 1922.)

RICE and RODNEY, J. J., sitting.

*Aaron Finger* for plaintiff.

*H. H. Ward* (of Ward, Gray & Neary) for defendant.

Superior Court for New Castle County, May Term, 1922. Demurrer, No. 140, May Term, 1921.

The defendant being the owner of the lot of land with the buildings thereon erected known as No. 511 King street in the city of Wilmington, Delaware, on the 1st day of September, 1920, entered into a contract whereby the plaintiff was to have possession of the first floor and basement of the premises from the 25th day of September, 1920, to the 31st day of August, 1921, at an agreed rental. The declaration of the plaintiff sets forth that the defendant "did lease, demise and to farm let" the premises to the plaintiff and further alleges that "by reason and upon the faith of the lease thus granted" the plaintiff incurred a great amount of expense in planning, designing, contracting for and purchasing fixtures and purchased a considerable stock of merchandise for the business to be carried on in the premises. The first count of the declaration alleges that the defendant "did not nor would not give, or permit the plaintiff to obtain, possession of the premises, but on the contrary, during the months of September or October, 1920, suffered and permitted some one else to take possession of the premises * * * and prevented the plaintiff from having, holding, using or occupying the premises during the term of the lease"; the second count is substantially similar to the first with the exception that it alleges that the defendant "did not nor would not suffer or permit the plaintiff, for and during the continuance of the term of said lease, peaceably and quietly to have, hold, occupy, possess and enjoy the premises by said lease granted."

To both of these counts a demurrer was filed to the effect that the declaration disclosed no cause of action in the plaintiff because while it purported to declare on a lease or demise both counts disclosed that the plaintiff had never obtained possession of the premises alleged to have been leased or demised.

RODNEY, J.: The defendant contends the first count is based upon the demise itself and that the disclosure in the count that possession of the premises in question by the plantiff was never obtained defeats the cause of action. As indicating the necessity

of possession by the lessee, reliance is made on *Section* 4532 *of Code of* 1915, which provides:

"Any contract, or consent, pursuant to which a tenant shall enter into, or continue in possession of lands, tenements, or hereditaments, under an agreement to pay rent shall be a demise."

It is contended that this act is exclusive and that entry into possession by the plaintiff, the lessee, is essential to an action on the demise which the defendant claims is the present action.

A suit on a demise or lease itself can only we predicated or based upon the establishment of the relation of landlord and tenant and there is considerable authority to the effect that this relation cannot exist without an entry into possession by the lessee or tenant. *Pittsburg, etc., R. Co. v. Thornburgh*, 98 *Ind.* 201; *Wilcox v. Bostick*, 57 *S. C.* 151, 35 *S. E.* 496; *Central Mills v. Hart*, 124 *Mass.* 123; *Caldwell v. Center*, 30 *Cal.* 539, 89 *Am. Dec.* 131.

In *Williams v. Cleaver*, 4 *Houst.* at page 458, the court says:

"If the plaintiff entered into possession of the farm   *   *   *   under an agreement   *   *   *   to pay   *   *   *   rent for it, then it was a demise and the legal relation of landlord and tenant existed between the parties from the time he so entered into the possession of it."

[1] It is not clear, however, that the declaration is based upon the lease or demise. We are of the opinion that the statement in the declaration that a lease or demise was entered into forms not the real basis of the cause of action but is the mere recital of the origin of the plaintiff's claim showing his right to the possession, and the failure to allow this possession constitutes the cause of action.

[2] There are two widely divergent views as to existence or nonexistence of an implied warranty on the part of the lessor to give possession of the demised property to the lessee, and the cases are in irreconcilable conflict. A few supporting the so-called English rule upholding the existence of the implied warranty are: *Coe v. Clay*, 5 *Bing.* 440, 130 *Eng. Reprint* 1131; *Jenks v. Edwards*, 11 *Exch.* 775; 156 *Eng. Reprint* 1045; *Drury v. Mc-Namara*, 5 *El. & Bl.* 612, 119 *Eng. Reprint* 608; *King v. Reynolds*, 67 *Ala.* 229, 42 *Am. Rep.* 107; *Herpolsheimer v. Christopher*, 76

*Neb.* 352, 107 *N. W.* 382, 111 *N. W.* 359, 9 *L. R. A.* (*N. S.*) 1127, 14 *Ann. Cas.* 399, and note.

Among those repudiating the existence of the warranty are: *Gardner v. Keteltas*, 3 *Hill* (*N. Y.*) 330, 38 *Am. Dec.* 637; *Cozens v. Stevenson*, 5 *Serg. & R.* (*Pa.*) 424; *Gazzolo v. Chambers*, 73 *Ill.* 75; *Sigmund v. Howard Bank*, 29 *Md.* 324.

It is unnecessary for this court to adopt either of these views, however, since all those repudiating the existence of the implied warranty of possession are based upon the fact that, at the time the possession of the lessee is to commence, the premises are in possession of a holding over tenant, and no case has been found which denies a right of action against a lessor who by his own act has installed a third person in the premises between the date of his agreement with the lessee and the time the lessee was to enter into possession.

In *Batton v. Bradley*, 3 *Houst.* 215, the defendant agreed to let certain premises to the plaintiff at an agreed rental and in the agreement each were bound in the sum of $500 for the performance of the contract. Prior to the commencement of the term, the defendant sold the property and the action was for the breach of the agreement which was duly proved and put in evidence. The court held the action proper and the verdict was for the amount of the plaintiff's loss and injury.

[3] The liability of a lessor to give possession to the lessee, however, does not occur at any period beyond the day when the possession was to be delivered, the liability being based on failure to give possession and not on quiet enjoyment. *Hertzberg v. Beisenbach*, 64 *Tex.* 262.

[4, 5] The declaration alleges the plaintiff to have been entitled to possession on September 25, 1920, and alleges that:

"After the making of the lease, to wit, during the month of September or the month of October, 1920, the defendant suffered and permitted some one else to take possession of the premises, * * * and thereby deprived the plaintiff of possession thereof."

If this could be construed as alleging the action of the lessor in allowing a third person to have possession of the premises to

have taken place between September 1 and September 25, 1920, the count would be good, if it must be construed as alleging the act of the lessor subsequent to September 25th, the count is bad.

It is a cardinal rule of pleading that everything is taken most strongly against the party pleading for it is to be presumed that the pleader has stated his case as strongly as he can.   1 *Chitty* 241, 521; *Wells & Sappington v. Shrive's Adm'r*, 2 *Houst.* 345, 362; *Fidelity Co. v. Van Dyke*, 99 *Ga.* 542, 27 *S. E.* 709; *Cincinnati, etc., R. Co. v. Smock*, 133 *Ind.* 411, 33 *N. E.* 108; *Bartlett v. Prescott*, 41 *N. H.* 493; *Apgar v. Glass Co.*, 92 *N. J. Eq.* 352, 113 *Atl.* 593.

There being no rule of construction by virtue of which the court can conclude that the action of the lessor in depriving the lessee of the possession of the premises occurred prior to September 25, 1920, the date on which possession was to have been given, the demurrer to the first count must be sustained.

[6] The demurrer to the second count must also be sustained.   It is obvious from an inspection of it that it is based upon a violation of quiet enjoyment and not of a right of possession. Under all the authorities for the maintenance of this action possession or occupancy by the lessee is held to be essential.