CURTISS AEROPLANE & MOTOR CORPORATION v. HAYMAKERS WAREHOUSING CORPORATION et al. (No. 8515.)*

(Court of Civil Appeals of Texas. Galveston. May 16, 1924. Rehearing Denied June 12, 1924.)

1. Landlord and tenant ⬖144—Hold-over tenant not liable to both owner and new tenant.

Lessee holding over after expiration of term is not liable to new tenant, as well as owner, for withholding possession, as recovery by both would subject lessee to double damages for same wrong.

2. Landlord and tenant ⬖144—Lessee holding over liable for amount recoverable by new tenant against lessor.

Lessee wrongfully retaining possession after expiration of term, with full notice of lease to new tenant, is liable to lessor for damages which could reasonably have been anticipated as probable result, and hence is liable for whatever amount new tenant could recover against lessor for breach of contract to deliver possession as well as for rental value of premises.

3. Landlord and tenant ⬖144—Landlord cannot recover both rental value and lost profits from tenant wrongfully holding over.

Landlord cannot recover, from tenant wrongfully holding over both rental value and lost profits, though tenant having notice of intended use is liable for such loss if market value of premises be less than such profits.

4. Landlord and tenant ⬖144—Judgments for lessor and new tenant against hold-over tenant held erroneous as awarding double damages.

Judgments for lessor and new tenant against hold-over tenant for rental value of premises from expiration of lease, and for new tenant's loss of profits on hay it was prevented from storing in leased warehouse, held erroneous as awarding double damages.

5. Landlord and tenant ⬖144—Hirer of storage facilities held not to have acquired leasehold interest entitling it to sue hold-over tenant for damages.

Under contract by warehousing corporation to furnish adequate warehousing facilities for storage of hay of hay association, latter acquir-

ed no such leasehold interest in warehouse as entitled it to sue hold-over tenant for damages for wrongful detention, even if use of premises for storage purposes was contemplated by parties to contract.

**6. Warehousemen ⊛64(8)—Damages for failure to furnish storage facilities.**

Association contracting with warehousing corporation for storage of hay *held* entitled to recover only its lost profits less the amount it would have paid as compensation for the storage facilities as damages for breach of the contract.

**7. Appeal and error ⊛1140(4)—Judgment reversed and cause remanded in absence of evidence of amount deductible.**

In absence of evidence from which amount agreed to be paid for warehousing facilities could be ascertained, judgment against hold-over tenant for lost profits cannot be reformed by deducting such amount and rendering judgment against lessor to be included in its judgment against hold-over tenant, but must be reversed and cause remanded.

**8. Attorney and client ⊛20—Appellant held not entitled to complain of representation of both defendants by same attorneys.**

Hold-over tenant appealing from judgment against it for lessor corporation and association contracting with lessor for use of leased warehouse *held* not entitled to complain of representation of both association and lessor by same attorneys where conflicting interests were only apparent.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by Haymakers Warehousing Corporation against Curtiss Aeroplane & Motor Corporation, in which the Texas Hay Association was made a party defendant. From judgment for plaintiff and interpleaded defendant, original defendant appeals. Affirmed in part, and reversed and remanded in part.

Thomas, Frank, Milam & Touchstone, Allen Wight, and Hobert Price, all of Dallas, for appellant.

Bryan, Dyess & Colgin, of Houston, for appellees.

PLEASANTS, C. J. As finally developed by the amended pleadings upon which the case was tried in the court below this is a suit by the appellee above named, which will hereinafter be designated Warehousing Corporation, against appellant to recover possession of premises owned by it and theretofore leased to appellant, and also damages for the wrongful "holding over" by appellant after the expiration of the terms of the lease.

The amended petition, after setting up plaintiff's cause of action as owner of the premises for the wrongful holding over by the defendant, and its claim for the rental value of the premises for the time possession thereof had been withheld from it by defendant, further alleged in substance that it had contracted with the Texas Hay Association, hereinafter designated as Hay Association to furnish warehouse facilities for storing hay for the association after the expiration of the lease under which the defendant had entered upon the premises, and that by its wrongful holding over defendant had caused plaintiff to breach its contract with the Hay Association and to become liable to it for the damages thereby sustained.

Plaintiff prayed that the Hay Association be made a party and required to establish in this suit the damages claimed by it, and that, in addition to the rental value of the premises, plaintiff have judgment against the defendant for whatever amount might be recovered against plaintiff by the Hay Association.

The Hay Association by its answer adopted the allegations of plaintiff's petition and alleged that it—

"had been damaged by reason of the facts set out in plaintiff's first amended original petition in the sum of seven thousand five hundred ($7,500) dollars, and the Texas Hay Association is entitled to recover of the plaintiff and the defendant under and by virtue of contract with the Haymakers Warehousing Corporation of date the 13th day of August, A. D. 1921, entitling the Texas Hay Association to the possession, use, and storage facilities afforded by said warehouses and premises at a cost to the Texas Hay Association of the actual cost of such services, all as more particularly shown by said contract of August 13, 1921, reference to which is here made for all purposes, and that the Texas Hay Association relied upon its agreement with the Haymakers Warehousing Corporation relative to the storing of the hay of the Texas Hay Association in the barns and on the premises involved in this suit, and was entitled to the use of said barns and premises under its said contract with the Haymakers Warehousing Corporation for the purpose of storing its hay therein, all as was well known to the defendants, and that the damages which have resulted to the Texas Hay Association by reason of the failure of the defendants to vacate said premises were made known to the defendants by the Texas Hay Association, notwithstanding which fact the defendants failed and refused to vacate said premises and to deliver the possession thereof to the plaintiff, Haymakers Corporation, or to the Texas Hay Association, and have refused to permit the Texas Hay Association to store its hay in said warehouses, and have prevented the plaintiff, Haymakers Warehousing Corporation, to fulfill its contract with the Texas Hay Association, all as alleged in the first amended original petition of the Haymakers Warehousing Corporation, to the damage of the plaintiff as therein specified in the sum of seven thousand five hundred ($7,500) dollars, for which sum the Texas Hay Association sues both the plaintiff, Haymakers Warehousing Corporation, and each of the defendants, and prays judgment of the court for all such damages as it has sustained, and for such other and further relief, general and special, to which it may be entitled."

---

⊛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The defendant answered plaintiff's petition by general demurrer and numerous special exceptions, and by general denial and special plea setting up facts showing that the condition of the building on the rented premises was such that their rental value was much less than claimed by plaintiff; "and in no event would exceed $500 per year."

In answer to the Hay Association's claim for damages, defendant demurred generally, and specially excepted as follows:

"This defendant further says that the ·said Texas Hay Association is not a proper party to this cause, in that it has no interest in the cause of action asserted in plaintiff's petition, and is only brought into this cause for the convenience of the plaintiff, who, instead of seeking relief against said intervener, is seeking to be sued by it, which is highly improper.

"Defendant further excepts to said intervention, in that it is not made to appear therein that the said intervener is a landlord of this defendant, or that there is any privity of contract between said intervener and this defendant, and that this defendant has in any way trespassed upon the premises belonging to the intervener, or in any way violated any legal duty owing to plaintiff.

"By way of answer to said intervention, if need be, the defendant denies all and singular the allegations in said intervention contained, and demands strict proof· thereof, and puts itself upon the country.

"Premises considered, defendant prays that said intervener take nothing against it by reason of said intervention, and that it go hence without day and recover its cost."

The trial in the court below without a jury resulted in a judgment in favor of ·the Warehousing Corporation against the defendant for the title and possession of the premises, and for $3,000 rental value of the premises from the date of the expiration of the lease to the date of the judgment, and judgment in favor of the Hay Association against the defendant for $5,000, the damages sustained by it in loss of profits on hay which it was prevented from storing in the warehouse on the ·premises by reason of the wrongful withholding of the possession thereof by defendant.

The record discloses the following facts:

The Haymakers Warehousing Corporation is a subsidiary of the Texas Hay Association, organized for the purpose of storing and warehousing the hay owned by the Texas Hay Association, and in order that it might issue its warehouse receipts to the Texas Hay Association for the purpose of enabling the Texas Hay Association to borrow money on said warehouse receipts. All stockholders of the Texas Hay Association were likewise stockholders of the Haymakers Warehousing Corporation. The Texas Hay Association and the Haymakers Warehousing Corporation had the same general manager in charge and occupied a common office with the same employees in charge of the affairs of each of said corporations. The Haymak-

ers Warehousing Corporation was engaged exclusively in acting as warehouseman for the Texas Hay Association.

The undisputed evidence shows that appellant wrongfully withheld possession of the premises after the termination of its lease, and that it had notice before the expiration of the lease that the Warehousing Corporation, the legal owner of the premises, had contracted with· the Hay Association to store the hay of the association in the warehouses on the premises after the expiration of appellant's lease. There are no other warehouses available for the storage of this hay, and this fact was made known to appellant, and it was informed of the damage the Hay Association would likely sustain if the possession of the premises was withheld by appellant.

There is evidence to the effect that the Hay Association would have produced and stored in the warehouses on these premises, during the time the premises were unlawfully withheld by appellant, 3,500 tons of hay, and that the profits that the association would have made on this hay if it could have obtained storage therefor would have been $5,000.

There is also evidence to sustain the finding of the trial court that the rental value of the premises from the date of the expiration of appellant's lease to the date of the judgment was $3,000.

We shall not discuss the several assignments of error presented in appellant's brief categorically nor in detail, but will content ourselves with the decision of what we consider the material questions presented by the record.

[1, 2] The first proposition advanced by appellant is:

"Where a lessee holds over after the expiration of his term and· the owner of the property has leased the same to a new tenant, such lessee holding over is not liable both to the owner of the property for withholding possession of the premises and also to the new tenant for withholding said premises, and there can be but one recovery against him for such holding over."

We think this proposition is abstractly sound. If the Hay Association, under the pleadings and evidence in this case, could be regarded merely as a lessee of plaintiff entitled to the possession of the premises after the expiration of appellant's lease, and could maintain a suit for such possession and for damages for the detention of the premises, it is clear that the Warehousing Corporation could not maintain a suit against appellant upon the same cause of action, for the manifest reason that to allow recovery to both would ·be to subject the defendant to double damages for the same wrong. By wrongfully retaining possession of the premises, appellant became liable to the Warehousing Corporation for the damages thereby caused it which could reasonably have been antici-

pated as a probable result of appellant's wrongful act. The general measure of damages in such case would be the rental value of the premises, but appellant would also be liable for any special damages caused the Warehousing Corporation which it knew would probably result from its retaining possession of the property after the expiration of its lease. Appellant had full notice of the contract between the Warehousing Corporation and the Hay Association, and would be liable to the Warehousing Corporation for whatever amount the Hay Association could recover against it. Sutherland on Damages (3d Ed.) p. 17; Walter Box Co. v. Blackburn (Tex. Civ. App.) 157 S. W. 220; Bourland v. Ry. Co., 99 Tex. 407, 90 S. W. 483, 3 L. R. A. (N. S.) 1111, 122 Am. St. Rep. 647; Kirby Lumber Co. v. Cummings, 57 Tex. Civ. App. 291, 122 S. W. 273.

[3, 4] We are inclined to hold, under our liberal rule of pleading and in furtherance of a sound public policy to avoid a multiplicity of suits, that the Hay Association was a proper party to this suit in order that all of the damages caused by appellant's wrong might be ascertained and determined, and the rights of all parties affected by appellant's wrongful detention of the premises adjudicated.

We have, however, reached the conclusion that upon the pleadings and evidence in this case the judgment of the trial court cannot be sustained, because this judgment in effect awards to both the Warehousing Corporation and the Hay Association damages which only one of them could have suffered and be entitled to recover, and to this extent holds appellant liable for double damages. Rental value and the profits which could have been derived from the use of premises cannot both be recovered by the landlord against a tenant wrongfully holding over, because one necessarily includes the other. Ry. Co. v. Adams, 63 Tex. 200.

The market value of premises may be more or less than the profits the owner might derive from their use. If the market value be less, the tenant wrongfully holding possession against the owner, if he has notice of the use which the owner intends to make of the premises and the loss he will probably sustain by being deprived of such use, will be liable for such loss. This was the extent of the holding in the case of Walter Box Co. v. Blackburn, supra. It cannot be reasonably contended that in such case the owner could recover both the rental value and the profits he could have made by the use of the premises. To use a homely illustration, one cannot "eat his cake and keep it." If the landlord recovers the profits he might have made by using the premises himself, such profits necessarily include the value of the use of the premises, and he cannot recover such value as profits and in addition require the tenant, who, by holding over, has pre-vented him from making the profits, to pay the market rental value of the premises. To permit such double recovery would be to hold, in effect, that the owner of property, who has its full use and enjoyment, could recover from another the value of such use and enjoyment.

[5] It is, we think, clear that the Warehousing Corporation, the landlord, could not recover from appellant the rental value of the premises and also the profits it could have made if its possession and use of the premises had not been prevented by appellant's wrongful holding over. It is equally clear that the Hay Association has no cause of action against appellant for such profits. If it could be regarded as a lessee of the premises under its contract with the Warehousing Corporation it would seem, under the decision of our Supreme Court in the case of Hertzberg v. Beisenbach, 64 Tex. 262, that it could not maintain a suit against appellant for possession of the premises or for damages for their wrongful detention. But it acquired no leasehold interest in the premises under its contract with the Warehousing Corporation. By the terms of that contract the Warehousing Corporation agreed that it would "handle, store, ship, and deliver," as directed by the Hay Association, the hay delivered to it by said association, and furnish "proper and adequate warehousing facilities for the proper storing of said hay." It certainly cannot be contended that this contract gave the Hay Association such an interest in the property as would entitle it to maintain a suit against appellant for its possession, or for damages for its wrongful detention, even if it be conceded that the use of the premises in controversy for such storage purposes was contemplated by the parties to the contract. The only cause of action which the Hay Association has is against the Warehousing Corporation for failing to comply with its contract to furnish proper and adequate storage facilities for the association's hay.

As we have before indicated, if the evidence in this case was sufficient to establish the damage sustained by the Hay Association by reason of the failure to furnish the storage, it would be entitled to judgment against the Warehousing Corporation for the amount of such damages, and the Warehousing Corporation might have judgment over against the appellant for the amount so recovered against it; appellant having notice before it breached its contract to deliver possession of the premises on the termination of its lease that the Warehousing Corporation would likely sustain such damage if possession of the premises was withheld from it.

We think the evidence is wholly insufficient to entitle the Hay Association to recover from the Warehousing Corporation the $5,000 damages found by the trial court to have been sustained by reason of its failure to ob-

tain warehouse and storage facilities for its hay agreed to be furnished it by the Warehousing Corporation. The findings of the court upon which its judgment in favor of the Hay Association is based are as follows:

"I further find that the hay to have filled said warehouses could have been made and saved by the Texas Hay Association through its members at a cost not to exceed $5 per ton, for each and every one of said 3,500 tons of hay, and that the fair market value of said hay during the cutting season of 1922 was $5 per ton, for each and every one of said 3,500 tons of hay, and that same was the general and customary price of hay during the haymaking season for a period of many years prior to 1922; that the Texas Hay Association could and would have sold each and all of said 3,500 tons of hay at a price in excess of $10 per ton during the winter of 1922–1923, and that said hay which would have been made and placed in said warehouses by the Texas Hay Association, except for the wrongful withholding of said premises by the defendant, had a cash market value at Houston, Tex., during the winter of 1922–1923 in excess of $10 per ton, and that the Texas Hay Association was damaged by reason of the wrongful withholding from it of the use and occupancy of said warehouses as above specifically stated, in excess of $5,000."

It is manifest from these findings that the $5,000 profits which the court awarded the Hay Association as damages was the increase in the price at which the association would have sold its hay if it had obtained the use of the warehouses on the premises for storing the hay. Such profits include the value of the use of the premises, which was also adjudged to the Warehousing Corporation, and to this extent was an award of double damages against the appellant.

In addition to this, the contract between the Warehousing Corporation and the Hay Association provides that the Warehousing Corporation shall receive from the Hay Association, as compensation for the warehousing facilities furnished it under the contract—

"an amount apportioned over the operation of any one season, sufficient to pay (a) such amount as may be necessary and required to pay off and discharge at their respective maturities the vendor's lien notes in the aggregate principal sum of forty-three thousand two hundred ($43,200.00) dollars, and interest thereon, upon which party of the second part is indebted to W. L. Edmondson, and the taxes and insurance on the property bought from W. L. Edmondson on August 13, 1921; (b) a reserve or sinking fund to retire in each of the five calendar years beginning with 1922, one-fifth of the preferred stock of the party of the second part (the Warehousing Corporation), viz., one class thereof, but it is understood and agreed that said reserve only includes the amount provided for in section (a) above, plus the amount necessary and required to pay the difference between the notes of Edmondson and the amount required to retire the installments of preferred stock in each year; (c) sufficient amount for other taxes, depreciation, betterments, and commercial and secondary charges; (d) the dividends on the outstanding preferred stock; and (e) a dividend of 8 per cent. on the outstanding common stock, and as the directors of the party of the first part may instruct and limit the party of the second part, and not otherwise, but in no event if the party of the first part be in any wise able to limit the amount to be charged to less than sufficient to cover the payment of said above items, and after the payment of same said services by the party of the second part will be on a nonprofit basis."

[6] The compensation thus provided for in the contract must necessarily be deducted from the amount the Hay Association would have realized from the increased price of its hay in order to ascertain the damages caused it by the failure of the Warehousing Corporation to furnish the warehousing facilities, and the liability of the Warehousing Corporation to the Hay Association would be limited to the profits it would have made by storing the hay less the amount it would have paid the Warehousing Corporation as compensation for the warehousing facilities furnished it under the contract.

[7] There is no evidence in the record from which this amount can be ascertained. In this state of the record the judgment cannot be reformed, as suggested by appellee, by giving the Hay Association judgment against the Warehousing Corporation for the amount of its damages, and including said amount in the judgment rendered in favor of the Warehousing Corporation against the appellant. Since the Warehousing Corporation is entitled to recover all of the damages caused it by the wrongful detention of the premises by appellant, and the record discloses that the case was not fully developed upon this issue, and as only one judgment for damages can be rendered in the case, the judgments in favor of the Hay Association and the Warehousing Corporation will be reversed and the cause remanded for a new trial upon the issue of damages.

[8] The Hay Association and the Warehousing Corporation were represented in the trial in the court below by the same attorneys, who also represent both of these parties in this court. The propriety of the same attorneys representing both of these parties may be doubted, but in view of the fact that the record discloses that the conflict in the interest of the two corporations is apparent rather than real, and arises solely from their separate legal entity, if they are satisfied to be represented by the same attorneys appellant has no ground of complaint.

For the reasons indicated the judgment of the court below in favor of the Warehousing Corporation for possession of the premises is affirmed, and that portion of the judgment awarding damages to the Warehousing Corporation and the Hay Association is reversed, and the cause remanded.

Affirmed in part. Reversed and remanded in part.