## 15521.  KOKOMO RUBBER CO. *v.* ANDERSON.

Although a lessee in possession knowingly and arbitrarily violates his obligation to deliver the rented premises to his landlord at the expiration of his term, and thus renders it impossible for the landlord to comply with the implied warranty in a lease to a second lessee, for a term to commence at the expiration of the term of the first lessee, that the leased premises shall be open to entry by the second lessee at the time fixed for his taking possession, such breach by the first lessee does not, without more, amount to a tort against the second lessee, and can not be the basis for an *ex delicto* action by the second lessee against the first lessee for the recovery of damages suffered by the second lessee because of the resultant breach of such warranty by the lessor or owner.

DECIDED DECEMBER 15, 1924.

Action for damages; from Fulton superior court—Judge Ellis. January 19, 1924.

Certiorari was granted by the Supreme Court.

Some time in May or earlier in 1920 Thomas J. Anderson leased from William H. Black a certain building in the city of Atlanta known as No. 103-105 North Pryor street, at a stipulated annual rental, for a period of five years to commence on September 1, 1920. The Kokomo Rubber Company was already in possession of the store known as No. 103 as a tenant under Black for a term ending on August 31, 1920, paying a monthly rental of $125. Anderson with the consent of Black subleased this store to the Hughes Piano Company for five years at $300 per month, to commence at the expiration of the lease of the rubber company, which was notified of the sublease several months before the end of its term. The rubber company did not quit as it ought to have done under its lease, and Anderson was unable to give possession to his subtenant, Hughes Piano Company. After Anderson had made several demands on the rubber company to vacate, in order that Hughes Piano Company might enter, he notified it on September 3rd that the piano company would cancel its lease unless permitted to enter without further delay, and that he (Anderson) would hold it re-

sponsible for any loss which he sustained by reason of its continued occupancy. This notice was ignored, and the piano company notified Anderson on September 8th that the contract between them was cancelled. The piano company moved into another building and the fruits of Anderson's contract with this company were lost. The rubber company did not vacate the premises until the latter part of September, 1920. It had claimed an inability to get possession of another place it had rented. In response to the demands for possession, it replied with a positive refusal, claiming that it would be liable only for double rent. Nothing was done by Black amounting to an acquiescence in the holding over. He brought proceedings to eject, but not until after the piano company had withdrawn from its contract. Anderson, as soon as he got possession, rented the property to different persons for various terms at the best price obtainable, and brought suit against the rubber company for the difference between the amounts so received and the price at which he had rented the property to the Hughes Piano Company. He sued also for punitive damages, laying his entire damages at $15,000. The petition alleges: "That the Hughes Piano Company cancelled its lease with petitioner solely because of defendant's arbitrary and unlawful retention of said property, by reason of which William H. Black, the landlord, could not put petitioner or the Hughes Piano Company in possession;" and that all of petitioner's "loss and damages were occasioned by defendant's unwarranted and arbitrary and illegal action in interfering with and unlawfully holding possession of property leased by petitioner."

The defendant demurred upon the ground that "said petition sets forth no cause of action, . . for the reason that the damages therein sought to be recovered are too remote and contingent and not susceptible of computation, and not within the contemplation of the parties;" "that the petition shows that plaintiff could have reduced the damages to a sum not exceeding double rent for the month of September, 1920, had he promptly resorted to the statutory mode of dispossession provided by law, and if said course had been pursued by the plaintiff even as late as the 4th of September, 1920, defendant could have been expelled from the premises in three days time, which date was prior to the 8th of September, the date upon which the five years lease of the Hughes Piano Company

is alleged to have been cancelled." The demurrer prayed judgment by the court that the petition set forth no cause of action "except to the extent of double rent of the premises" during the time of the holding over. The demurrers were overruled, and the defendant excepted. The exceptions were dismissed by this court (*Kokomo Rubber Co.* v. *Anderson,* 29 *Ga. App.* 98, 114 S. E. 64), since the judgment made no final disposition of the case, the demurrer not disputing that a cause of action was set forth for some amount. Leave was given, however, that the official copy of the bill of exceptions of file in the office of the clerk of the trial court should operate as exceptions pendente lite.

The original answer, which, consistently with the demurrer, contended that the measure of the plaintiff's damage was double rent, was amended to allege that the measure was only the fair rental value of the premises during the period of the holding over. The case proceeded to trial, and the trial resulted in a verdict in favor of the plaintiff for $11,605. Barring the conclusions, such of the averments of the petition as were not admitted by the answer were established without dispute. The defendant made a motion for a new trial, which was overruled, and it excepted. Error is also assigned upon the pendente lite exceptions to the overruling of the demurrer. The motion for a new trial contains several special assignments of error, but in the view which this court takes of the case, it is not necessary to state them in detail, as they will be controlled by the rulings upon the general grounds of the motion.

*II. A. Etheridge, Little, Powell, Smith & Goldstein,* for plaintiff in error.

*McDaniel & Neely, II. L. Greene,* contra.

BELL, J. (After stating the foregoing facts.)

1. Assuming that the plaintiff, or, instead, his lessee, the Hughes Piano Company, might have been entitled to an action against the defendant for the recovery of possession, or for mesne profits (38 Cyc. 1072-3; *Parker* v. *Salmons,* 113 *Ga.* 1167 (5), 39 S. E. 475; Bigelow on Torts, p. 233), such is not the character of the action as brought. The suit is not sustainable under the Civil Code, § 4471, providing that the bare right of possession of land authorizes the recovery of damages for the withholding of the right, for two reasons: First, if, before entry, Anderson had a right of possession, he had sold the same to the piano company;

second, the plaintiff's lease from Black was one in reversion, giving the plaintiff no interest in the property, nor any right of possession until entry. His lease was to commence in the future, at the expiration of the term of the defendant. "At common law, the estate in a lease, to commence *in futuro,* did not vest until the tenant had accepted it by entering in possession; but until possession, he held the right of entry, which was called his interest in the term, or *interesse termini.*" *Field* v. *Howell,* 6 *Ga.* 423 (3), 431; 16 R. C. L. 638, § 124; 4 Kent's Commentaries (14th ed.) 97. The defendant, therefore, violated no right of possession of the plaintiff. Prior to the plaintiff's entry, his rights were only in his contract with Black.

His lease did not make him the defendant's landlord. Any right, therefore, to proceed against the defendant as a tenant holding over remained in Black. "The right to maintain an action against a tenant for damages for wrongfully holding over is generally held to be restricted to the landlord, and it has been held, though the authorities are not in entire accord, that such an action can not be maintained by one to whom the landlord has leased the premises for a term to commence after the expiration of the overholding tenant's term." 16 R. C. L. 1168, § 690; L. R. A. 1915C, p. 169, note. The defendant's original entry was lawful, and although his holding over was wrongful, it was not a trespass. Compare *Sheftall* v. *Zipperer,* 133 *Ga.* 488 (2) (66 S. E. 253). It was even wrongful only as against Black because Black could have consented and made it legal, irrespective of the wishes of Anderson or the piano company. *Stanley* v. *Slembridge,* 140 *Ga.* 750 (4) (5) (79 S. E. 842); *King* v. Durkee-Atwood Co., 126 Minn. 452 (148 N. W. 297, L. R. A. 1915C, 235).

While it is true that the plaintiff does not appear to have proceeded upon the theory that the defendant was his tenant, the case, as we construe it, can be upheld, if at all, only as an action on the case, which "is an action for the recovery of damages, for acts unaccompanied with force, and which in their consequences only are injurious; for though an act may be in itself lawful, yet, if in its effects or consequences, it is productive of *any injury* to another, it subjects the party to this action." *Hendrick* v. *Cook,* 4 *Ga.* 241, 260. Such an action is brought under our Civil Code, § 4405, providing that "when the law requires one  .  .  to forbear the doing

of that which may injure another, though no action be given in express terms, upon the accrual of damage the party may recover." Do either the averments or the evidence make a case against the defendant under these principles? To answer this question it is necessary to determine the rights and duties of the various parties concerned. Black owed Anderson the duty to see that the leased premises were open to entry at the time fixed for Anderson's taking possession. If this were not true, the case would end here, because if such duty did not rest upon Black with respect to Anderson, it would not have been imposed upon Anderson with respect to the piano company, and, therefore, the piano company would not have been justified in repudiating its contract with Anderson merely because the defendant rubber company refused to vacate, but should itself have borne the burden of recovering possession. *Stiger* v. *Monroe,* 109 *Ga.* 457 (1) (34 S. E. 595).

This court, however, is committed to the doctrine that "In a lease contract, where there is no stipulation to the contrary, the lessor impliedly warrants that the leased premises shall be open to entry by the lessee at the time fixed for taking possession." *Browder-Munget Co.* v. *Edmondson, 7 Ga. App.* 843 (1) (68 S. E. 453); *Watkins* v. *Stulb, 23 Ga. App.* 181 (3) (98 S. E. 94). See also 16 R. C. L. 724, § 215; King *v.* Reynolds, 67 Ala. 229, 232 (42 Am. R. 107); Herpolsheimer *v.* Christopher, 76 Neb. 352 (111 N. W. 359, 9 L. R. A. (N. S.) 1127); Sloan *v.* Hart, 150 N. C. 269 (63 S. E. 1037, 21 L. R. A. (N. S.) 239, 134 Am. St. Rep. 911). It thus appears that the defendant's holding over rendered Black and Anderson, successively, unable to comply with their lease contracts. In these circumstances Anderson was compelled to lose the fruits of his contract with the piano company. But what duty has been violated by the defendant rubber company? Only the obligation to deliver possession to his landlord at the expiration of his term. Civil Code (1910), § 3697. The petition does not charge the violation of any other, although it is averred that the breach of this duty was unwarranted, arbitrary, and illegal. The petition seeks, in its last analysis, to recover damages of the defendant for the defendant's breach of a contract between it and Black, upon the theory that such breach indirectly interfered with the contractual relations between Black and the plaintiff. The wrong of the defendant was to Black, and it is the general rule that one

person. can not maintain an action against another for an injury to a third person on the ground that the wrong has also indirectly injured the plaintiff by reason of his contractual relations with the third person. 37 Cyc. 394. "No privity is necessary to support an action for a tort; but if the tort results from the violation of a duty, itself the consequence of a contract, the right of action is confined to the parties and privies to that contract, except in cases where the party would have had a right of action for the injury done, independently of the contract." Civil Code (1910), § 4408. To the same effect, see 38 Cyc. 433.

Our Supreme Court, in *Byrd* v. *English,* 117 *Ga.* 191 (43 S. E. 419, 64 L. R. A. 94), held that a party to a contract who is injured by reason of the failure of the other party to comply with its terms, can not recover damages of a third person for his negligent act by which the performance of the contract was rendered impossible. This case would be controlling of the question now before us if the act therein complained of had been wilful and arbitrary instead of merely negligent. The exact point seems, however, to be fully covered by the New Jersey case of Dale *v.* Grant, 34 N. J. Law 142, from which the Supreme Court quotes with approval in the opinion in *Byrd* v. *English,* in which it was said: "A case in point which well illustrates the principle governing the case now under consideration is that of Dale *v.* Grant, 34 N. J. L. 142, where it was held that 'a party, who by contract is entitled to all the articles to be manufactured by an incorporated company —he, such party, furnishing the raw materials—can not maintain an action against a wrongdoer, who, by a trespass, stops the machinery of such company, so that it is prevented from furnishing, under said contract, manufactured goods to as great an extent as it otherwise would have done.' In the opinion (p. 149) the court says: 'The law does not attempt to give full reparation to all parties injured by a wrong committed. If this were so, all parties holding contracts, if such exist, under the plaintiffs who may have been injuriously affected by the conduct of the defendants, would be entitled to a suit. It is only the proximate injury that the law endeavors to compensate; the more remote comes under the head of damnum absque injuria.' "

All that was done by the defendant was to prevent Black from carrying out his contract with Anderson, which it did by wrongfully

holding over. Does the duty owed by one party to a contract constitute the object of a right which a stranger to the contract can infringe and thereby render himself answerable *ex delicto*? In other words, was Anderson's right to have performance by Black analagous to ownership or possession? The answer it seems should be in the negative. Again, the breach of a duty arising merely in virtue of a contract, such as was the defendant's wrong here, ordinarily will not give rise to a cause of action in favor of a stranger, as was the plaintiff to the contract between the defendant and Black. See Pollock on the Law of Torts (11th ed.), 556-8. Cf. Daugherty *v*. Herzog, 145 Ind. 255 (44 N. E. 457, 32 L. R. A. 837, 57 Am. St. Rep. 204).

The case does not fall within the line of those authorities which hold that if a third person maliciously interferes with or procures one of the parties to a contract to violate it, he will be liable to the other contracting party for the resulting injury. See *Employing Printers Club* v. *Blosser Co.*, 122 *Ga.* 509 (3), 519 (50 S. E. 353, 69 L. R. A. 90, 106 Am. St. Rep. 137, 2 Ann. Cas. 694); *Southern Ry. Co.* v. *Chambers,* 126 *Ga.* 404 (1, 2) (55 S. E. 37, 7 L. R. A. (N. S.) 926); *Luke* v. *Dupre,* 158 *Ga.* 590 (124 S. E. 13); *Duane Chair Co.* v. *Lewallen,* 22 *Ga. App.* 307 (1) (95 S. E. 997); *Fain* v. *Wilkerson,* 22 *Ga. App.* 193 (2) (95 S. E. 752); *Hughes* v. *Bivins,* 31 *Ga. App.* 198 (1) (121 S. E. 590); *Collier* v. *Moore,* 31 *Ga. App.* 227 (120 S. E. 441). Whether a liability would have resulted if the defendant had been guilty of some affirmative action, such as fraud, deceit, violence, or intimidation, rendering performance by Black impossible, or had had a specific and positive intention to injure the plaintiff, by means of its continued occupancy, rather than merely to unfairly serve its own convenience and advantage, we think it clear that, with neither of these elements present, the holding over can not be said to be a breach of any duty to the plaintiff. See Cooley on Torts (3d ed.), 588, 592. Cf. Brink *v*. Wabash R. Co., 160 Mo. 87 (60 S. W. 1058, 53 L. R. A. 811, 813, 83 Am. St. Rep. 459). The rights of the plaintiff arose out of a contract. The duty of the defendant was imposed by an entirely different contract. There was no privity between them under either contract. The damages resulting from an indirect injury to the rights of the plaintiff by the violation of the duty of

the defendant are plainly too remote to form the basis of an action for damages.

We conclude that the plaintiff neither alleged nor proved a cause of action.

✓ If the holding over was a tort against Anderson, the same might have been claimed by the piano company or by any one holding under Anderson through successive leases. The line might have extended through any number of successive lessees, with the right in any or all of them to sue, who elected to do so. We think that to uphold the action would be a radical departure from established principles, and before assenting to a doctrine which would so likely prove extremely dangerous in some cases, we should require the most clear and unequivocal authority. None has been found.

It follows, that while the demurrer did not challenge the plaintiff's right of any recovery whatever, but merely contended that a recovery could not be had to the extent prayed, the court erred in overruling it. It was further and consequent error to refuse the defendant's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*