## WHITFIELD v. GAY.
### No. 2964.

Court of Civil Appeals of Texas. Eastland.
Nov. 14, 1952.

Harrell & Harrell, Breckenridge, for appellant.

R. L. Elliott, Breckenridge, for appellee.

GRISSOM, Chief Justice.

Prior to April 1, 1951, Clayton Whitfield was in possession of a section of land under a written lease of the surface from the owners, R. W. Higgins and wife. The lease provided for its expiration on April 1, 1951. The section was grass land, except approximately 80 acres which were in cultivation. In January or February, 1951, Whitfield planted oats on said 80 acres. On March 6, 1951, the Higgins leased the section to Clarence M. Gay for five years, beginning April 1, 1951. Both of said leases provided for the payment of only money rent. On April 1, 1951, Gay took possession of the grass land. Gay contends he took possession of the entire section. Whitfield contends that he retained possession of the 80 acres on which the oats were growing.

In June, 1951, Mr. Whitfield started to harvest the oats but was stopped by an injunction issued at the instance of Mr. Gay, but, the following day, the injunction was dissolved. Whitfield then harvested the oats and removed and sold them.

Gay sued Whitfield, alleging that on June 24, 1951, when the oats were harvested and sold, he (Gay) was in possession of the entire tract under his lease from the Higgins. He alleged he took possession of the entire tract on April 1, 1951, and remained in possession; that he paid the first year's rental in cash; that his lease included all cultivated land and all crops grown thereon; that when he leased the tract Whitfield had a lease from Higgins in which Whitfield had agreed to peacefully surrender possession on termination of his lease; that Whitfield's lease terminated April 1, 1951, and Gay, in making his lease and paying the rent, relied on Whitfield's covenant to peacefully surrender possession on termination of his lease and Whitfield was estopped to assert he did not surrender possession of the oat land; that on June 24, 1951, Whitfield, without authority, entered upon the 80 acres, harvested the oats and converted them to his own use; that their market value was 85¢ per bushel and Gay was thereby damaged in the sum of $1,485.70. In the alternative, Gay alleged that, if he was not entitled to judgment for the full value of the oats, that he was the owner of the lease on which the oats were grown and was entitled to the rental value of the tract on which the oats were grown, which was one-fourth of the grain harvested, or its value. He further alleged, in the alternative, that he was entitled to the reasonable rental value of the 80 acres, which was $5 per acre.

Whitfield answered that, on the day Gay leased the tract he was in exclusive possession as the tenant of the Higgins; that he remained in exclusive possession of the oat field until the oats were harvested and removed; that Gay's suit, if any he had, was against the Higgins for failure to place him in possession of the oat land. Whitfield excepted to Gay's petition and said that at the time Gay leased the surface Whitfield was in peaceful possession and had sowed the oats which he later harvested and removed; that he did not surrender possession of the oat land until after the oats were harvested and removed and that Gay's suit, if any he had, was against the Higgins. Whitfield also alleged a renewal of his lease on the oat land.

In a trial to the court, Gay was awarded one-fourth of the oats, or their value; the value being found to be $354.45. Whitfield has appealed.

■ In the absence of findings of fact we are required to presume the trial court found every fact that the record will justify in such manner as to support the judgment.

■ We sustain appellant's point that the court erred in awarding Gay judgment for one-fourth of the oats, or their value. Assuming, without deciding, that Gay is entitled to recover from Whitfield, this is not the proper measure of damages. Under neither of the leases was there an agreement to pay a part of the crop to the land owner for use of the land. Both leases provided for payment of money rental only. Whitfield paid $1.50 and Gay paid $2 per acre annually for the entire tract of both cultivated and grass land. There was

no pretense of any landlord and tenant agreement, express or implied, whereby the person in possession agreed to pay one-fourth of the crop, or its value, for the use of the land. A tenant holding over is presumed to be in possession under the terms of his previous contract with reference to the kind and amount of rent to be paid. Drinkard v. Anderton, Tex.Civ.App., 280 S.W. 1076; Overstreet v. Houston Oil Co., Tex.Civ.App., 64 S.W.2d 354; 27 Tex.Jur. 321. If Whitfield was in possession of the oat field after the commencement of Gay's lease, it was for a period of less than three months during 1951. The measure of damages ordinarily applicable for wrongful holding over by a tenant after expiration of his lease is the reasonable value of the use of the land for the time he held over. 39 A.L.R. 387; Curtiss Aeroplane & Motor Corporation v. Haymakers Warehousing Corporation, Tex.Civ.App., 264 S.W. 326; Urban v. Crawley, Tex.Civ.App., 206 S.W. 2d 158, 162, RNRE; Shotwell v. Crier, Tex.Civ.App., 216 S.W. 262; H. L. Null & Co. v. J. S. Garlington & Co., Tex.Civ. App., 242 S.W. 507; Jones v. Cleaver, Tex. Civ.App., 250 S.W. 251. The judgment must, therefore, be reversed.

■ If upon another trial it should be determined that Whitfield remained in possession of the oats until he harvested, removed and sold them, it would follow that neither Gay nor the Higgins owned any interest in the oats.

"Unsevered crops planted or grown by a trespasser are the property of the land owner. Harvested or severed crops belong to the trespasser, provided he remains in possession until the harvest * * *." 25 C.J.S., Crops, § 8, page 8.

" * * * it may be generally observed that the policy of the law, at least as relates to bona fide acts, seems to be to uphold the right of an occupant of land to crops planted and harvested by him, notwithstanding a pending controversy involving the right to possession and subsequent determination that title or right to possession was in another. In such a case the liability to account for the reasonable value of the use and occupancy generally results in substantial justice to the party legally entitled to possession, without more; while, on the other hand, to cast title to severed crops upon whosoever might prevail in a contest of title would result in hardships and in uncertainty unnecessarily interfering with agricultural activities." 95 A.L.R. 1127.

In 39 A.L.R. 962, the general rule is stated to be that the land owner has no right or title to annual crops raised on his land by one not in privity with him, and severed while the owner is still out of possession. See, also, Gross v. Robinson, 36 Wyo. 392, 256 P. 80, 57 A.L.R. 584.

In Roberts v. Armstrong, Tex.Com.App., 231 S.W. 371, 374, it was held that although annual crops attached to the land pass with a deed to the land unless actually or constructively severed, nevertheless, they are for general purposes classed as personal property. See also Willis v. Moore, 59 Tex. 628, 638; Silberberg v. Trilling, 82 Tex. 523, 18 S.W. 591, 592; Ray v. Foutch, Tex.Civ.App., 50 S.W.2d 380; Mehl v. Norton, 201 Minn. 203, 275 N.W. 843, 113 A.L.R. 1059.

■ We also call attention to the holding that a second lessee to whom the owner has leased land, agreeing, but failing, to put the second lessee in possession at the expiration of a prior lessee's term, does not have such an interest in the land as entitles him to maintain an action against the prior lessee wrongfully holding over to recover damages for the wrongful detention. Curtiss Aeroplane & Motor Corporation v. Haymakers Warehousing Corporation, Tex.Civ.App., 264 S.W. 326. See also 27 Tex.Jur. 322; Hertzberg v. Beisenbach, 64 Tex. 262, 265; Kokomo Rubber Co. v. Anderson, 33 Ga.App. 241, 125 S.E. 783, 786; 16 R.C.L. 1868; L.R.A.1915C, 169n; 51 C.J.S., Landlord and Tenant, §§ 310, 315, pages 971, 981; 32 Am.Jur. 782, Sec. 923; 8 A.L.R. 630; Sloan v. Hart, 150 N.C. 269, 63 S.E. 1037, 1039, 21 L.R.A., N.S., 239; 70 A.L.R. 153; Schwartzman v.

Wilmington Stores, Co., 2 W.W.Harr. 7, 32 Del. 7, 117 A. 739, 740.

The judgment is reversed and the cause remanded.