George M. ROGERS, Appellant,

v.

D. D. KOLP et al., Appellees.

No. 3117.

Court of Civil Appeals of Texas.

Eastland.

Nov. 5, 1954.

Dewey C. Cox, Jr., Ranger, for appellant.

W. D. R. Owen, Eastland, for appellees.

GRISSOM, Chief Justice.

D. D. Kolp, Don Kolp and Virginia Gholson sued George M. Rogers and others for rent on plaintiffs' building from April 7, 1952 to March 31, 1953. Plaintiffs alleged the reasonable rental value of said building was $5 per day. In a trial amendment, plaintiffs alleged that on April 7, 1952, the Sheriff sold the property in their building to George M. Rogers and Rogers agreed to pay plaintiffs, as rent for such building, $5 per day from April 7, 1952 until the property purchased by Rogers was removed from the building, it having theretofore been alleged that the property was removed on March 31, 1953. In a trial to the court, judgment was rendered for plaintiffs against Rogers for $1,650 "be-ing the rentals due from the 7th day of April, 1952 to the 7th day of March, 1953," with interest, and that plaintiffs' landlord's lien be foreclosed against Rogers and others on the personal property located in plaintiffs' building. Rogers has appealed.

The only point presented is that the court erred in awarding $5 per day "as the rental value" of plaintiffs' store building from April 7, 1952 to March 7, 1953. Under said point appellant says that appellees and appellant agreed, on April 7, 1952, that the personal property bought in at the Sheriff's sale by Rogers could be left in the building for $5 per day "for a reasonable length of time"; that one of the plaintiffs, D. D. Kolp, testified he had an agreement with the Sheriff to use the building at $5 per day as long as the merchandise was in the Sheriff's custody; that after the Sheriff sold the property to Rogers appellees agreed to let Rogers "go on the same basis for a reasonable time," that he then thought it would be only two weeks or ten days until the property could be moved and stored. Appellant then contends he was indebted to appellees for rent after the expiration of a reasonable time from April 7, 1952, to March 7, 1953, at a rate not provided for by the contract, that is, not at $5 per day, but for the reasonable rental value of the building; that the burden was on appellees to establish the reasonable rental value during said period and that the only evidence that $5 per day was the reasonable rental value of the building during said period was that of D. D. Kolp, who testified as follows:

"Q. Are you acquainted with the reasonable rental value of the property of that type of the character and location in the city of Ranger? State whether you are or not. A. Fairly so, yes.

"Q. What would you say the reasonable rental value of that property was at the time of the sale and has been up to the present time?

"Mr. Conner: We object, Your Honor, he said up to the present time.

"Q. Well, I mean up until the time you got possession of the building. A. Considering the quality of the building; considering the choice location; considering the money that can be made out of it, I think one hundred fifty dollars a month is the right price."

 It is undisputed that prior to the foreclosure sale the building had been rented by Lloyd Clem, Inc., for $5 per day; that after the Sheriff seized said property there was a contract whereby the Sheriff agreed to pay $5 per day rent; that when the Sheriff sold Rogers the contents of the building Rogers and appellees agreed on $5 per day as rent for said building "for a reasonable length of time." Appellant says the correct measure of damage for holding over by a tenant after expiration of his lease is the reasonable rental value and, under the point heretofore stated, appellant contends that, because of the insufficiency of the evidence as to the reasonable rental value, there is no support for the finding that appellant owes appellees $5 per day rent for the period the building was held by Rogers after expiration of the lease contract between Rogers and appellees. Appellees reply that there were no findings of fact or conclusions of law; that the court rendered judgment against Rogers for $5 per day rent during the period he occupied the building and there was evidence from which the court could have found that Rogers was liable for said amount, either under a contract or for the reasonable rental value of the building. A tenant holding over is presumed to be in possession under the terms of his previous contract with reference to the amount of rent to be paid. Whitfield v. Gay, Tex. Civ.App., 253 S.W.2d 54, 56. There is evidence Rogers agreed to pay $5 per day "for a reasonable period of time;" that the two previous tenants paid $5 per day and that $5 per day was the reasonable rental value of the building. After careful consideration, we conclude there was evidence sufficient to sustain the judgment on the ground that $5 per day was the agreed rental for the first part of Rogers' occupancy and that the reasonable rental value of appellees' building was $5 per day for the remainder.

The judgment is affirmed.