MAHAN
v.
SHERMAN.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. H. Bradley*, for the plaintiff.

---

### MAHAN and Others *v.* SHERMAN.

If a plea profess to answer the whole declaration, and answer only one of the counts, it is bad.

A count in debt on a promissory note, which alleges, in describing the contract, that the defendant *promised*, &c., is good, and may be joined with other counts in debt.

A plea of non assumpsit to an action of debt is a nullity.

A trial without an issue is erroneous.

ERROR to the *Allen* Circuit Court. <span style="float:right">*Friday, May 29.*</span>

DEWEY, J.—*Sherman* sued *Mahan*, *Comparet*, and *Thompson* in debt. The declaration contains two counts. The first count alleges that the defendants made their promissory note, and thereby *promised*, &c., whereby an action had accrued, &c. The second count is in the usual form in debt for money had and received. The defendants pleaded jointly non assumpsit; and *Mahan* and *Comparet* each pleaded a special plea, to which a demurrer was sustained. Trial on the plea of non assumpsit; verdict and judgment for the plaintiff.

The special pleas professed to answer the whole declaration, but really answered only the first count; they were for

MAHAN
v.
SHERMAN.

that reason bad, and the demurrers were correctly sustained. Whether the pleas were faulty in other respects we have not inquired.

But the plaintiffs in error contend that the judgment should have been in their favour on the demurrers, on account, as they allege, of a fatal defect in the declaration. The alleged defect is a misjoinder of actions. It is insisted that the use of the word *promise* instead of *agreement* in the first count makes that a count in assumpsit, which cannot be joined with a count in debt. This objection cannot prevail. The law indeed seems to be settled, that a declaration commencing in the usual form in debt, and containing the common counts in some of which it is alleged that the defendants *promised*, &c., the other counts being accurately framed in debt, is bad for a misjoinder of assumpsit and debt. *Brill* v. *Neele*, 3 B. & Ald. 208.—See, also, 1 Chitt. Pr. 415, n. a, and the authorities there cited. But a declaration in debt on a promissory note, which alleges, in describing the contract, that the defendant *promised*, &c., is good, and may be joined with other counts in debt. *Bishop* v. *Young*, 2 B. & P. 78. Such an allegation is nothing more than the statement of the contract or liability which is the foundation of the action of debt. Should a declaration proceed, however, and allege that, by means of the premises, the defendant became liable to pay, and in consideration thereof *promised* to pay, &c., the action would assume the form of assumpsit. A reference to books of forms of approved authority will show, that the use of the word promise in setting out a promissory note in an action of debt is usual. 2 Chitt. Pl. 388.—1 Chitt. Pr. 434.

There is, however, a fatal error in the proceedings of this cause. The action went to trial on the plea of non assumpsit. That plea to an action of debt is a nullity. *Perry* v. *Fisher*, 6 East, 549. There was therefore a trial without an issue, which is erroneous. *Shiel* v. *Ferriter*, 7 Blackf. 574.— *Dunn' et al.* v. *Hall*, at this term.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

D. H. *Colerick* and J. G. *Walpole*, for the plaintiffs.

W. H. *Coombs* and I. H. *Kiersted*, for the defendant.