May Term,
1850.

WILBRIDGE
v.
CASE.

*J. Ryman*, for the plaintiff.

*W. S. Holman*, for the defendants.

---

## WILBRIDGE and Others *v.* CASE.

2   36
149  479

Petitions for partition under the statute are proceedings at law and not in chancery.

A trial without an issue is erroneous, whether the judgment be for the plaintiff or the defendant.

*Tuesday,
May 28.*

ERROR to the *Franklin* Circuit Court.

PERKINS, J.—This was a petition under the statute for partition. Such a proceeding is at law and not in chancery. There was no plea filed, but the parties appeared and submitted the cause to the Court for trial upon an agreed state of facts. The Court rendered final judgment for the defendant.

There is an unbroken series of decisions by this Court from *Swan* v. *Rary*, *November* term, 1829, to *Fuller et al.* v. *Garrigus*, *November* term, 1849, that a trial without an issue is erroneous, and subjects the judgment below to reversal

here. These cases have all been, however, so far as the opinions in them show, those in which the plaintiff has recovered judgment. In the case before us, the judgment was for the defendant; and the question is, does this fact change the rule? We can see no reason why it should, and think it does not. Without an issue, nothing is tried, and, of course, nothing determined, and a judgment in such case should bind neither party. *Bouvier* calls such a trial a mistrial. He says, (Law Dic. Vol. 2, 3d Ed. p. 155):

"MISTRIAL, is an erroneous trial on account of some defect in the persons trying, as if the jury come from the wrong county; or because there was no issue formed, as if no plea be entered;" &c. Citing 3 Cro. 284.—Hob. 5.— 2 M. & S. 270. And see 4 Blackf. 309.

According to *Blackstone*, such a ⬤ would be ground for an arrest of judgmen⬤ok 3d, p. 394, he says—"Exceptions, theref⬤are moved in arrest of judgment, must be much ⬤material and glaring than such as will maintain a demurrer; or, in other words, many inaccuracies and omissions, which would be fatal if early observed, are cured by a subsequent verdict; and not suffered, in the last stage of a cause, to unravel the whole proceedings. But if the thing omitted be essential to the action or defence, as if the plaintiff does not merely state his title in a defective manner, but sets forth a title that is totally defective in itself, or if, to an action of debt, the defendant pleads *not guilty* instead of *nil debet*, Cro. Eliz. 778, these cannot be cured by a verdict for the plaintiff in the first case, or for the defendant in the second." This is directly in point. In the case put, of a plea of *not guilty* instead of *nil debet*, we must understand the action to have been debt upon contract, rather than upon a penal statute; or, in other words, we must understand a case where the cause of action was such that the plea of *not guilty* would be a nullity. There would then be a trial without an issue. See 1 Chit. Pl. 521, and *Mahan et al.* v. *Sherman*, 8 Blackf. 63.

We shall consider no other question in the case.

May Term,
1850.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. A. Matson,* for the plaintiffs.

*G. Holland,* for the defendant.