Moye Wicks et al. v. Louis Comves et al.

No. 2741.    Decided May 12, 1920.

(221 S. W., 938.)

**1.—Landlord and Tenant—Lease of Sidewalk—Illegal Contract.**

The proprietor of a corner store let to another a fruit stand and fixtures with space therefor on its sidewalks outside the building, but with provision that if the authorities objected to such occupancy or any existing or future city ordinance made it unlawful the lessee should have a designated space for his fruit stand inside the·building. The then existing ordinances made such occupation of the sidewalk unlawful. Held

(1) That the lessee could recover damages for lessor's failure to furnish him the space inside the building.

(2) The lease of space on the sidewalks being made unlawful by ordinance at the time it was executed, whether or not complaint of such occupancy was made, and the alternative of inside space being separable from the unlawful part of the contract, the lease evidenced and became operative at once as a letting of space within the building. (Pp. 533-535).

**2.—Unlawful Contract.**

While a contract on several considerations, one of which is unlawful, is void, a contract on valid consideration to do an unlawful thing, or, if unlawful, an alternative and lawful one is valid—as to the lawful alternative. Edwards County v. Jennings, 89 Texas, 620, distinguished. Gulf, C. & S. F. Ry. Co. v. Hume Bros., followed. (Pp. 535, 540).

Question certified from the Court of Civil Appeals for the Eighth District, in an appeal from Harris County.

The lessee, plaintiff below, was permitted to recover damages on the trial and the judgment was affirmed on appeal; but the question was certified to the Supreme Court because of a dissenting opinion. See 171 S. W., 774.

*E. T. Chew,* for appellants.—The lease contract between Louis Comves and James Condos & Company, being in violation of a city ordinance of the City of Houston, same is therefore illegal and void and unenforceable. Beer v. Landman, 88 Texas, 452-3-4-5; Edwards Co. v. Jennings, 89 Texas, 621; Howard v. Smith, 91 Texas, 8-15; Reed v. Brewer, 90 Texas, 149; Fuqua v. Pabst Brew. Co., 90 Texas, 299; T. & P. Ry. Co. v. Lawson, 89 Texas, 395; Cox v. Watlesky, 27 Texas Civ. App., 479; Rue v. Railway, 74 Texas, 474-480.

A portion of the stipulations of the lease contract being unlawful, the taint of illegality affects and destroys the whole. Rue v. Railway, 74 Texas, 474; Fuqua v. Pabst Brew. Co., 90 Texas, 302; Edwards Co. v. Jennings, 89 Texas, 618.

*A. B. Wilson* and *Cole & Cole,* for appellees.—Such a contract being based upon a good, lawful and valid consideration, and the contract being divisible, the contract is not illegal, and may be enforced as to that portion of the contract which is valid and based upon the lawful consideration. Railway Co. v. Hume Bros., 87 Texas, 211; Rand v. Mather, 11 Cush. (Mass.), 1; 15 Am. & Eng. Enc. of Law (2d Ed.), 991; 9 Cyc., 465; Sims v. Alabama Brew. Co., 132 Ala., 311; Osgood v. Railway Co., 77 Vt., 334; Morrison Plummer & Co. v. Slessinger, 38 N. E., 493; Clark on Contracts, 321; Bishop v. Palmer, 16 N. E., 304.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The question certified is whether damages were recoverable, for the breach of the lessor's obligation to give inside space to the lessee for the conduct of a fruit stand, under a lease which provided:

"That the Lessor does by these presents lease and demise unto the Lessee the undivided interest in and to the possession and occupancy and use of the following described property towit: That certain fruit stand located on the Southeast corner of Main Street and Texas Avenue in the City of Houston, Harris County, Texas, said fruit stand being upon the outside of the one story brick building now occupied by Condos Brothers as a candy store, soda fountain and ice cream parlor, said fruit stand extending from the Main Street entrance of Condos Brothers to the corner of the building on Texas Avenue and extending thence down Texas Avenue to the back entrance of Condos Brothers place of business, together with all shelving, stands and other fixtures, belonging thereto and which are a part thereof, said fruit stand to be rented by the Lessee at a monthly rental of two hundred ($200.) dollars in advance, beginning on the first day of each and every month until the expiration of said lease; said lease being from May 1, 1911, until April 1, 1914. * * *

"It is expressly understood and agreed that in the event the City of Houston complains of this aforesaid fruit stand being placed upon the outside of said building and projecting over and covering a portion of the sidewalk in front and on the side of said building, or in the event that any City Ordinance which is now in force or which may hereafter be passed by the City of Houston shall make it impossible for said fruit stand to remain upon the outside of said building or to project over or occupy a portion of the sidewalk

around said·building, and if it shall be a violation of any such City Ordinance to have such fruit stand project over or occupy a portion of said sidewalk, then it shall be the right and the privilege of the lessee herein to remove said fruit stand, together with all shelving, stands and other fixtures and appurtenances thereto from said sidewalk and said Condos Brothers shall give him a space inside of said building now occupied by Condos Brothers, in which space he shall be permitted to erect said fruit stand, together with all shelving, stands and fixtures thereto belonging and shall be permitted to conduct said fruit stand within said building. In the event it becomes necessary to remove said fruit stand inside of the building now occuped by Condos Brothers, the lessee herein shall be given a space in the corner of said building on Main Street and Texas Avenue, said space to be a square, each side of which is to be five (5) feet in which to erect said stand. In the event said stand is erected in said building, all the privileges and rights of both parties to this lease shall be the same as if said stand had remained upon the outside of said building.''

The certificate shows that when the contract was executed, an ordinance of the City of Houston provided:

''It shall be unlawful for any person or persons to store or expose for sale or sell on any sidewalk or street in the City of Houston, any fruits, nuts, candies, cigars, tobacco, soda water, or any other goods, wares and merchandise, or to occupy any sidewalk or street of said City of Houston with any bootblack stand, booth or other frame structure for carrying on any business or occupation, or to allow any boxes or merchandise to remain on the sidewalk.''

Our answer to the question depends on the legality of the promise to give the lessee the space within the building.

The claim of appellant is that the promise of inside space was void: because the contract, properly construed, was one of lease, in violation of the ordinance, of a part of the sidewalk unless and until the City should dispossess the lessee, and because the lease of the inside space was inseverable from the lease of part of the sidewalk.

In our opinion, the language of the parties does not admit of the construction for which appellants contend. If the writing required complaint by the City of the continuance of use of the sidewalk, as well as that such use should be in violation of the ordinance, before the lessee would become entitled to the inside space, it would better support appellants' view. The writing is not so worded. Instead, it expressly provides that while the stands and fixtures embraced in the lease were located on the sidewalk, yet if the city ordinance made it impossible for them to remain there, because their projection over, or occupancy of, a portion of the sidewalk, was in violation of the ordinance, then the stands and fixtures should be removed to inside space to be furnished by the lessor.

Assuming that the continued use of the outside space by the lessee would have amounted to a violation of the ordinance, as is conceded by all parties, then the ordinance, as then in force, made it impossible for the fruit stand to remain on the outside or to project over or to occupy the sidewalk; and hence, from the instant the contract was executed, the obligation of the lessor was to allow the removal of 'the stands and fixtures and to furnish inside space, and the obligation of the lessee was to pay the stipulated rent for the inside space. The contract did not contemplate the doing of anything violative of law, but it did show upon its face that it provided for the doing of only that which was lawful, because something else, which was mutually more beneficial and desirable, could not be legally done.

In short, the language of the parties evidences a renting of inside space, inasmuch as the ordinance prevented the use of sidewalk space.

Even though the writing admitted of the interpretation for which appellants contend, it would not be adopted, such writing being reasonably susceptible of the interpretation we have given it. Because a contract fairly open to two constructions, one of which will make it legal and one of which will make it illegal, must always be given the construction which makes it legal. 2 Page on Contracts, sec. 1120.

We are not inclined to the view that the stipulation for use of the inside space would be inseverable from the stipulation for use of the sidewalk until prevented by municipal action, though the contract were construed in accordance with appellant's contention. Quite the reverse, we think the parties have made their purpose entirely plain that the failure of the grant, if any, of the use of the stands and fixtures on the sidewalk was not to affect the grant, for the agreed rental, of the inside space. How can parties more plainly direct a severance of obligations than by stipulating that one shall be performed, for a separate consideration, upon the failure of another?

While this court recognizes the rule that a promise on several considerations, one of which is unlawful, is void, as announced in Edwards County v. Jennings, 89 Texas, 620, 35 S. W., 1053, yet it is just as well settled as declared in Gulf, C. & S. F. Ry. Co. v. Hume Bros., 87 Texas, 218, 27 S. W., 112, that "when one for a legal and valuable consideration agrees to perform two acts which are severable, one of which is lawful and the other unlawful, the contract may be enforced as to that for which is was lawful to contract and held void as to the other."

Here, even according to appellants' construction of the contract, the lessor agreed to perform two acts: first, to lease the fruit stand with its fixtures, as located on and over the sidewalk, for stipulated

monthly rentals, and second, to lease the stands and fixtures with inside space, for stipulated monthly rentals, beginning with the termination of the use of the sidewalk. Though the first act was unlawful, the second was lawful. No two acts could be more readily separated. Therefore the law would not refuse to enforce the performance of the lawful act, towit: the lease of the stands and fixtures, with the prescribed inside space. Pecos & N. T. Ry. Co. v. Evans-Snyder-Buel Co., 100 Texas, 191, 97 S. W., 466; Panhandle & S. F. Ry. Co. v. Bell, 189 S. W., 1100; United States v. Bradley, 10 Peters, 363.

In Hynds v. Hays, 2 Ind., 36, the court said: "It is, we believe, well settled that where a party has contracted to perform anything, and an illegal act is included therein, that he shall nevertheless be held to perform so much of his contract as it is lawful to perform, if it can be separated from that part which is illegal."

We answer that the promise by the lessor to the lessee of space within the building was valid and binding.