COURY v. PORTERFIELD. (No. 2906.)

Court of Civil Appeals of Texas. Amarillo.
Nov. 9, 1927.

Rehearing Denied Dec. 7, 1927.

1. Landlord and tenant ⚫172(1)—Tenant voluntarily leaving instead of exercising option for increased rent held not evicted, even if landlord incorrectly notified him of happening of condition for rental increase.

Where, in a lease, a provision was made for a certain rental, with a condition that, in the event oil was discovered within the county, the landlord could either require the tenant to leave the premises on giving notice or pay such rental increase as landlord required, and landlord had notified tenant of discovery of oil within the county, stating rent would be increased as a result, whereupon the tenant moved out and subsequently discovered that the statement of the discovery of oil was not true, *held*, in tenant's action against the landlord for eviction, that there was no eviction; tenant's leaving being voluntary and implied surrender.

2. Landlord and tenant ⚫172(1)—Lessee held not constructively evicted, where lessor's demand did not deprive him of beneficial enjoyment of premises.

Where a lessee, having option of paying increased rent or leaving premises on discovery of oil in the county, was informed by lessor that oil had been discovered and rent would be increased, and thereupon the lessee left the premises, *held*, in lessee's action against lessor on the ground that statement of discovery of oil had been wrongfully untrue, that there was no constructive eviction, since lessor's demand did not deprive the tenant of the beneficial enjoyment of the demised premises; the tenant leaving voluntarily rather than pay increased rent.

Appeal from District Court, Garza County; Gordon B. McGuire, Judge.

Suit by George Coury against W. E. Porterfield. Judgment for defendant, and plaintiff appeals. Affirmed.

Lockhart & Garrard and F. D. Brown, all of Lubbock, for appellant.

Vickers, Campbell & Schenck, of Lubbock, and T. L. Price, of Post, for appellee.

RANDOLPH, J. The appellant brought this suit in the district court of Garza county to recover from appellee damages for an alleged eviction from the possession of certain real property in the town of Post, the possession of which was held by appellant under a written lease contract. All matters of fact, as well as of law, were submitted to the court, and on hearing the case, the trial court rendered judgment in favor of the defendant, and appeal was taken therefrom to this court.

The appellant and one J. D. Hume entered into a written contract of lease, by which Hume leased to appellant the lower story or ground floor of a store building in the town of Post, excepting from said lease that part of the building then occupied by the post office, for a term of five years from the 7th day of January, 1921, for a rental of $35 per month. This contract provided:

"That in case oil is discovered in the county of Garza, then in that event the party of the first part may discontinue this contract by giving ninety (90) days' notice to the party of the second part of his intention so to do, provided that the party of the first part shall, at the time of his using said option to discontinue, fix a price on said premises for rental and party of the second part shall have the option of accepting same and continuing this rental contract as to all of the other stipulations herein contained, and further provided that the party of the second part may discontinue his rental contract by giving ninety (90) days' notice to the party of the first part of his intention so to do."

During the pendency of this lease, Hume sold the premises to the appellee, Porterfield. On December 6, 1924, appellee served the following written notice on appellant:

"The State of Texas, County of Garza.

"To Said George Coury of Said County:

"You are hereby notified that I demand of you the possession of my house on lots nine (9) and ten (10) in block No. seventy-eight (78) in the city of Post, Tex., leased by you from J. D. Hume, January 7, 1921, in which contract was a clause which terminated said lease in the event of oil being found in Garza county, Tex., and as a matter of fact oil has been found in said county and is now being sold, I demand of you the possession of said house in ninety (90) days, unless you pay me two hundred fifty and no/100 ($250) dollars per month in advance from the 6th day of March, 1925, and in case you fail to comply with this demand, I shall proceed against you as the law directs."

Several questions are presented in appellant's brief for our consideration; but, as our determination of one question absolutely controls the disposition to be made of the case by us, we shall discuss only that one question.

The appellant testifies upon the question of eviction as follows:

"After I received the notice inquired about from the defendant, and on or about the 6th day of March, 1925, I did move my stock of goods from the premises described in the lease contract. I moved on account of the notice and threats of violence made against me by the defendant. I was afraid to stay until I was put out by an order of the proper authorities."

Appellee testified upon that point:

"I have heard the testimony or deposition wherein Mr. Coury said I had made threats against him as one cause of his moving. I never threatened him in any way. I never, by word or act, threatened to do him violence of any kind."

⚫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The trial court, in his finding No. 7, found:

"That plaintiff did not exercise or attempt to exercise his option right under the terms of the contract to remain in possession of the premises for the remainder of the demised term, by paying or offering to pay to defendant the rent demanded, to wit, $250 per month from March 6, 1925, but, on the contrary, without protest, voluntarily moved from the premises and vacated same about March 6, 1925, and removed to other premises in the near vicinity of that owned by the defendant, where he continued his mercantile business until after the 7th day of January, 1926."

The basis of appellant's suit was an alleged illegal eviction from the premises he was occupying as a tenant. The trial court's finding that appellant voluntarily surrendered possession of the premises and moved therefrom without protest, upon the demand of the appellee, which finding is sustained by the evidence, does not constitute an illegal eviction and furnishes no basis for a recovery of damages by appellant.

[1] Under this lease contract, the appellant could have agreed to pay or paid the enlarged rental, or, as he did in this instance, abandon the premises and move off, if he did not choose to comply with the contract. The contract expressly provided for a termination of the lease term if the appellant failed to exercise his option of paying the increased rent. Instead of claiming that the conditions had not arisen which authorized the increase of rent, he voluntarily and without protest moved off the premises. The demand for possession made by the lessor was only effective in the event the tenant declined to pay the increased rent. This was not an illegal eviction. Under the evidence, it appears that the tenant, rather than pay the increased rent, moved off the premises and abandoned it, and thereby agreed with the lessor to terminate the lease.

"*Unauthorized Demand for Possession.*—It has occasionally been decided that, if the landlord notifies the tenant, before the termination of the tenancy, to relinquish the possession, and the tenant complies with the demand, this constitutes an eviction. This view is not, however, entirely satisfactory. An eviction involves a wrongful act upon the part of the landlord, but there is no legal wrong involved in his making this unjustifiable demand for possession, however morally improper it may be, and the fact that the tenant acts as if it were justified cannot well change its character in this respect. The case is like that of any other unjustifiable demand for the possession of property to which the possessor is foolish enough to yield. If a grantor in fee were to demand possession of the land granted, or even if he were to sue therefor, and the grantee were to yield possession, there is no authority for saying that this is an eviction, giving a right of action on the grantor's covenant for title, and it does not seem that under the circumstances a lessee could sue his lessor on the covenant for quiet enjoyment,

which he should be able to do if such transaction constitutes an eviction. We would prefer to regard this as a case of implied surrender, based on a relinquishment of possession to the landlord by agreement of the parties, and such it seems to have been, in other cases, decided to be." 2 Tiffany on Landlord and Tenant, pp. 1277, 1278, subd. 7.

The case of Greenberg v. Murphy, 26 Ohio Cir. Ct. R. 359, is cited by Mr. Tiffany, and, from the statement made of the holding of that case, it appears to sustain this quotation. However, we are not able to secure the report of that case in full and can only accept the citation as being correct.

The text of the quotation from Tiffany above made is based upon a conceded illegal demand. In this case, so far as the evidence is concerned, the demand made by the lessor was in the alternative, and, on the face of the contract, in compliance with its terms. Hence the rule laid down would have even more force in the case at bar.

It will be seen that the tenant is seeking a recovery for an eviction, based on a charge of wrongdoing on the part of the lessor in asserting that there had been oil discovered in Garza county, and, as stated above, the tenant, instead of agreeing to pay the increased rent, chose to exercise his option to determine the lease without any protest and thereby agreed with the lessor to terminate the contract. 36 C. J. p. 267, § 996.

[2] There is no evidence of an actual eviction in this case and a constructive eviction cannot be claimed, for the reason that the demand of the lessor did not deprive the tenant of the beneficial enjoyment of the demised premises. 36 C. J. p. 261, § 988.

Taking this view of the question of eviction, we find no error in the holding of the trial court thereon, and hereby affirm the judgment of the lower court.