N. M. RUST, Appellant,

v.

EASTEX OIL COMPANY, INC., Appellee.

No. 8207.

Court of Civil Appeals of Texas, Texarkana.

April 9, 1974.

R. G. Shivers, Cornelius & Cornelius, Jefferson, for appellant.

Ewing Adams, Adams & Sheppart, Longview, for appellee.

CHADICK, Chief Justice.

This is a suit by a tenant to recover damages occasioned by a landlord's alleged breach of a lease contract. The landlord's motion for summary judgment in the trial court was granted and recovery was denied the tenant. The trial court judgment is affirmed.

The appellant, N. M. Rust, as plaintiff, instituted suit against Eastex Oil Company, Inc., as defendant. Appellant Rust plead that Eastex Oil breached a lease agreement binding the parties by (1) failing to repair a storage building damaged April 29, 1972; by (2) dismantlement of such storage building August 22, 1972, and (3) by unilaterally declaring the lease terminated and demanding immediate possession of the leased premises. Rust's brief confirms that the theories of recovery underlying his pleadings are that failure to repair and dismantlement of a storage building partially evicted him from the leased premises, while notice on August 30, 1972, declaring termination of the lease relationship and demand for immediate possession totally "ejected" him therefrom.

The written lease contract made a part of the Rust pleadings describes the premises let to him as "in the County of Harrison and State of Texas, to-wit: (a) That certain cafe buildings forming a part of the Phillips 66 Service Station Center, the Service Station Center is located at Interstate Highway No. 20 and Texas Spur Highway No. 56." Rust alleged in his trial petition that Eastex Oil was estopped to deny that the lease included two buildings adjacent to "that certain cafe building" mentioned in the lease; and plead in support of the allegation that his predecessor in the restaurant operation used such adjacent buildings in the operation of the business, and that he, Rust, assumed the adjacent buildings to be covered by the lease contract when he went into possession of the premises; and further, Rust alleged that he had, with the acquiescence of Eastex Oil, used such buildings from the inception of the landlord-tenant relationship, and that he continued, until evicted, to use the buildings with the acquiescence of Eastex Oil. Rust's petition alleged that one of the adjacent buildings was damaged in such way that it interfered with the operation of the cafe business, and that on numerous occasions he requested repairs, but that Eastex Oil refused, thereby partially evicting him. And finally, his petition alleged that on August 22, 1972, Eastex Oil "tore down" such building "completing the partial eviction of Rust."

The landlord, Eastex Oil, moved for summary judgment as initially mentioned, and attached an affidavit in support thereof made by its President. The parties also agreed upon and filed written stipulations. Rust did not move for summary judgment or oppose Eastex Oil's motion by written answer, or tender summary judgment evidence of any nature. Appellant Rust's single point of error is:

"The Trial Court erred in granting Eastex's Motion for Summary Judgment because:

1. The Trial Court erred in not finding the existence of any genuine is-

sue in the record giving Rust a cause of action against Eastex.

2. The Trial Court erred in not finding that Eastex has failed to dispute Rust's equitable cause of action.

3. The Trial Court erred in not finding that Eastex's affidavit supporting its Motion for Summary Judgment raised a fact issue only.

4. The Trial Court erred in not finding that Rust did not need to come forward with evidence in addition to that already contained in the record to contradict Eastex's Motion for Summary Judgment."

■ Eastex Oil's notice declaring the lease terminated and demanding possession and the stipulation that Rust immediately vacated the premises do not factually show an eviction, constructive or otherwise. A very respected text says: "Even though there is some authority to the contrary, the generally prevailing view seems to be that a mere notice to a tenant to quit, followed by his vacation of the premises, is not of itself sufficient to constitute an eviction and give the tenant a right to damages, the theory being that to constitute a constructive eviction there must be some substantial interference which is injurious to the tenant's beneficial use and enjoyment of the premises." 49 Am.Jur.2d Landlord and Tenant, Sec. 305. In accord, though not in point with the facts in the present case, are: Weissberger v. Brown-Bellows-Smith, Inc., 289 S.W.2d 813 (Tex.Civ.App.—Galveston 1961, writ ref'd n. r. e.); Nabors v. Johnson, 51 S.W.2d 1081 (Tex.Civ.App.—Waco 1932, no writ); Coury v. Porterfield, 299 S.W. 938 (Tex.Civ.App.—Amarillo 1927, writ ref'd). See also, 14 A.L.R. 2d 1450 Ann.—Notice of Lease Termination—Damages; Jackson, Donald E., Constructive Eviction of a Tenant, 13 Baylor Law Review, p. 62 (1961).

■ Likewise, allegations that Eastex Oil failed for five months to repair the damaged building, together with the stipu-

lation that the premises were not abandoned for approximately five months after such damage, shows as a matter of law that a constructive eviction was not effected by such failure to repair. To consummate a partial eviction (constructive) the tenant must abandon the premises within a reasonable time. Stillman v. Youmans, 266 S.W.2d 913 (Tex.Civ.App.—Galveston 1954, no writ); 91 A.L.R.2d 638 Anno.—Constructive Eviction. Rust did not allege a justification for not abandoning the premises after the landlord refused to repair and the parties' stipulations show that Rust vacated approximately five months later. As a matter of law, continuing to hold and claim possession for five months after damage to the building was not reasonable and Rust was not constructively evicted by Eastex Oil's refusal to repair. See cases collected in 91 A.L.R.2d 638 Anno.—Constructive Eviction, Sec. 7.

■ Allegations of dismantlement of the adjacent building falls into a different category. Dismantlement occurred approximately eight days before the date Rust vacated the premises. Such pleading and the stipulations of the parties show an actionable eviction. See authorities cited in paragraph above. Additionally, the alleged continuing failure to repair and dismantlement of the building in such close proximity in time to the declaration of forfeiture and demand for possession is sufficient to bring the action stated within the rule that a constructive eviction is worked by a notice of forfeiture and demand for possession accompanied by the landlord's substantial interference which is injurious to the tenant's beneficial use and enjoyment of the premises.

■ The impact of Eastex Oil's Motion for Summary Judgment on the action Rust alleged will be examined. The written lease made a part of Rust's pleadings was for a term longer than one year and did not describe or mention the damaged storage building in question or the land the building occupied. Rust's pleadings recog-

nized that as a matter of law the provisions of Tex.Rev.Civ.Stat.Anno. art. 3995 (Statute of Frauds) stood as a bar to his cause of action. He undertook to avoid the statute by alleging that Eastex Oil acquiesced in his use and possession of the building under the terms of the lease and was estopped to deny the lease embraced the structure. Acquiescence is a branch of the equitable doctrine of estoppel, frequently termed estoppel in pais. 28 Am.Jur.2d, Estoppel and Waiver, Secs. 57 and 104. Estoppel in pais precludes a litigant from asserting or denying anything which has, in contemplation of law, been established as the truth by such litigant's own conduct or representation. 28 Am.Jur.2d, Estoppel and Waiver, Sec. 1; 2 McDonald Texas Civil Practice, Sec. 7.38. Estoppel may be plead, as here, by a litigant as a part of a cause of action, though it is in nature and purpose a defensive device. 2 McDonald Texas Civil Practice, Secs. 6.14.3; 6.23; 7.34.1, and 7.34.2. Estoppel plead in response to a preceding plea is specifically recognized by Tex.R.Civ. p. 94 as a plea in avoidance, an affirmative defense. Rust's estoppel pleadings constituted a plea of confession and avoidance, an affirmative defense.

Rust's pleadings would have precluded him, as a matter of law, from recovering damages in a conventional trial unless he was able to sustain by proof the estoppel element of his cause of action. His pleadings, in the summary judgment context, established Eastex Oil's statute of frauds defense as a matter of law. Such defense having been thus established, Eastex Oil, as movant for summary judgment, did not have the burden of negating the estoppel element of Rust's cause of action. "Moore" Burger, Inc. v. Phillips Petroleum Company, 492 S.W.2d 934 (Tex.Sup. 1972); Nichols v. Smith, 17 Tex.S.Ct. Journal 220 (S.Ct. March 2, 1974); 507 S. W.2d 518 (S.Ct.1974). Rust's estoppel allegations under these circumstances did not raise an issue of fact that would defeat Eastex Oil's summary judgment motion. The trial judge properly refused to deny

Eastex Oil's summary judgment motion on this ground.

In the preceding discussion, it has been assumed the facts alleged by Rust raised the issue of estoppel, but in view of conclusions reached it is not necessary to determine such question.

After fully considering the appellant's point of error, reversible error is not found. The judgment of the trial court is affirmed.

CORNELIUS, J., not participating.