**FABRIQUE, INC., Riviana Restaurant Corporation, and Federal Insurance Company, Appellants,**

v.

**Jack CORMAN, Appellee.**

No. 05–89–00939–CV.

Court of Appeals of Texas, Dallas.

Aug. 13, 1990.

Rehearing Denied Sept. 25, 1990.

Thomas Albright, Walter L. Taylor, Austin, for appellants.

Pete Andres, Arlington, for appellee.

Before HOWELL, BAKER and THOMAS, JJ.

## OPINION

THOMAS, Justice.

The issue in this case is whether a landlord must put an assignee of a lease into peaceful possession of the leasehold after possession by the original tenant when the lease permits assignment by the tenant. We hold that it does. We reverse and remand for further proceedings.

In 1977, Corman and Texiana Restaurants entered into a twenty-year ground lease. A building was constructed on the leasehold, and Texiana began operating a restaurant on the premises. Shortly thereafter, Texiana assigned the lease to Hospitality Restaurants under terms of the lease permitting such assignment.[1] Hospitality paid rent on the premises until September of 1982. Thereafter, Corman filed a forcible entry and detainer action which was stayed by Hospitality's then pending bankruptcy proceeding. In June of 1983, the bankruptcy court approved an assignment of the lease to Fabrique. However, Corman disputed the ownership and right to possession of the leasehold by Fabrique. According to Fabrique, Corman threatened to file a trespass action against it if it were to go into possession. Although Fabrique had the keys to the premises, it did not go into possession. Instead, in 1984, it filed a federal court proceeding to determine its rights under the assignment. In 1985, a judgment was awarded in favor of Fabrique for possession and damages. The Fifth Circuit reversed the trial court's judgment for want of subject matter jurisdiction without addressing the merits of the case. During the pendency of the appeal, however, Corman withdrew its contest of Fabrique's right to the premises, and Fabrique subsequently went into possession. Nevertheless, Fabrique refiled the case in state court seeking damages for wrongful withholding of the leasehold's possession. Corman counterclaimed for twenty seven months' unpaid rent incurred following the bankruptcy assignment. He additionally filed third party actions against Riviana upon its prior guaranty of Texiana's and its assignees' rent obligations and against Federal Insurance Company upon its bonding of Fabrique's rent obligation. Corman moved for summary judgment on the grounds that, as a matter of law, he did not owe a duty to put an assignee of a lease into peaceful possession once the original tenant was put into peaceful possession. Additionally, Corman argued that even if he threatened to sue Fabrique for trespass if it took possession of the premises, such action did not, as a matter of law, constitute a constructive eviction alleviating Fabrique's obligation to pay rent under the lease. The trial court agreed and awarded Corman damages for past unpaid rent.

The rule in Texas is that where a lease agreement provides that the premises are to be delivered into the tenant's possession at a future date, the landlord thereby covenants that there will be no impediment to the tenant's obtaining possession at the

1. The lease provided that the tenant had the absolute right to assign the lease with the prior written consent of the landlord which consent would not be unreasonably withheld.

stipulated time. But the implied agreement does not relate to any period beyond the day when possession is agreed to be delivered. Thus, if a stranger trespasses on the premises after delivery date and obtains possession, withholding it from the tenant, the tenant's remedy is against the stranger and not against the landlord. *Hertzberg v. Beisenbach,* 64 Tex. 262, 265 (1885). If the landlord breaches its covenant to deliver possession, the tenant is relieved from paying rent on the premises and may recover damages. *See Penick v. Eddleman,* 291 S.W. 194, 195 (Tex.Comm'n App.1927); *Wicks v. Comves,* 110 Tex. 532, 221 S.W. 938, *passim* (1920). Where the terms of a lease contract have expressly or impliedly conferred on the tenant the right to assign the lease, the landlord covenants to deliver possession to the assignee on the delivery date. *See Penick,* 291 S.W. at 195. A mere notice to quit the premises, followed by vacation by the tenant, does not constitute a constructive eviction, for there must be some additional feature, such as harassing incidents occurring on the property that disturb the tenant's peaceful possession. *Rust v. Eastex Oil Co.,* 511 S.W.2d 358, 361 (Tex.Civ.App.— Texarkana 1974, no writ); *Edwards v. Blissard,* 440 S.W.2d 427, 432 (Tex.Civ.App.— Texarkana 1969, writ ref'd n.r.e.).

■ Corman argues that, as a matter of law, he did not owe a duty to put Fabrique into peaceful possession of the premises once he delivered peaceful possession to Texiana. *See Hertzberg,* 64 Tex. at 265. Additionally, he argues that any alleged threatened trespass action did not constitute a constructive eviction and did not prevent Fabrique from entering the premises. *See Rust,* 511 S.W.2d at 361. Fabrique argues that Corman had a duty to put it into peaceful possession of the premises without any hindrance thereto. *See Penick,* 291 S.W. at 195. All parties agree that these facts present a case of first impression. We will determine whether Corman was entitled to a summary judgment as a matter of law. Tex.R.Civ.P. 166a(c).

The standards for reviewing a motion for summary judgment are:

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.

(3) Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

Fabrique received a purported assignment of the leasehold from the bankruptcy court. When it attempted to enter the premises, Corman allegedly threatened a trespass action. At this point, Fabrique had two basic alternatives. Move upon the premises against the landlord's will, so doing at its own expense, only possibly to be ejected therefrom, adjudged a trespasser, assessed damages, and then have to disassemble its business and move elsewhere. Or, as it did, file a lawsuit to determine its rights under the assignment. In our view, if Corman did threaten a lawsuit, Fabrique was justified in not entering the premises, and Corman is estopped to now demand rent for Fabrique's compliance with his request to remain off the premises. One who by his conduct has induced another to act in a particular manner should not be permitted to adopt an inconsistent position and thereby cause loss or injury to the other. *Moreau v. Oppenheim,* 663 F.2d 1300, 1309 (5th Cir.1981), *cert. denied,* 458 U.S. 1107, 102 S.Ct. 3486, 73 L.Ed.2d 1368 (1982); *El Paso Nat'l Bank v. Southwest Numismatic Inv. Group, Ltd.,* 548 S.W.2d 942, 947–49 (Tex.Civ.App.—El Paso 1977, no writ); *see generally* 31 C.J.S. *Estoppel* § 107 *et seq.* (1964). Further, although Corman had no duty to ensure that third parties would not hinder Fabrique's possession of the premises, in our view, once Corman conveyed the right to assign the lease, he impliedly covenanted that he would not hinder any rightful assignees from taking peaceful possession. This is

because an assignee of a lease succeeds to all the interest of the lessee and to the benefit of all the covenants and agreements of the lessor which are annexed to and run with the land. *Cauble v. Hanson,* 224 S.W. 922, 924–25 (Tex.Civ.App.—El Paso 1920), *aff'd,* 249 S.W. 175 (Tex. Comm'n App.1923, judgm't adopted); *Moore v. Kirgan,* 250 S.W.2d 759, 764 (Tex. Civ.App.—El Paso 1952, no writ). One such covenant is that the landlord impliedly covenants that it will put the tenant into peaceful possession. The rule is that when the terms of a lease contract have expressly or impliedly conferred on the tenant the right to assign the lease the landlord impliedly covenants that it will not unjustly hinder an assignee's future possession if there has been a valid assignment under the law or terms of the lease. This rule appropriately places the risk on the party asserting the erroneous position. The constructive eviction cases cited by Corman are not applicable because in those cases the tenant was already in possession. In the present case, Fabrique was not in possession, and in our view, a tenant without possession should be afforded more protection than one with possession.

Corman has contested that there has been a valid assignment, and there has been no legal determination as to its validity. Therefore, it must be determined whether there has been a valid assignment. If so, then it must be determined whether Corman unjustly hindered Fabrique's possession of the leasehold. We hold that Corman was not entitled to a summary judgment as a matter of law, and we reverse the trial court's judgment for determination of the foregoing fact issues. We sustain point of error one. Because of our disposition of this point, we need not address the additional points on appeal.

We reverse and remand for further proceedings.