Opinion filed January 19, 2023



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00142-CV

_____

## TEXAS ASSOCIATION OF SCHOOL BOARDS RISK MANAGEMENT FUND, Appellant

## V.

## COLORADO INDEPENDENT SCHOOL DISTRICT, Appellee

On Appeal from the 32nd District Court

Mitchell County, Texas

Trial Court Cause No. 17296

## O P I N I O N

This interlocutory appeal concerns the trial court's denial of a partial plea to the jurisdiction filed by Appellant, Texas Association of School Boards Risk Management Fund (the Fund). The issues we must address, which arise from the underlying breach of contract suit that Appellee, Colorado Independent School District (CISD), filed against the Fund, are whether, in response to the defense of an

unfulfilled condition precedent raised by the Fund, CISD may assert that the Fund has waived or is estopped from raising that defense. Specifically, we address whether CISD's assertions of waiver and estoppel fall within the waiver of governmental immunity in Section 271.152 of the Local Government Contract Claims Act (The Act). TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2016).

The disposition of this appeal necessarily turns on our interpretation of certain terminology, namely, the difference between "claims" and "defenses." The Fund contends that CISD's assertions of waiver and estoppel should be characterized as "extra-contractual equitable claims." However, we must construe the context in which these theories have been asserted by CISD—as defenses or claims. Because the Act specifically provides that "a defense or a limitation on damages available to a party to a contract" may be asserted under its provisions, we hold that CISD's waiver and estoppel assertions, which have been raised in a *defensive* context, fall within the Act's waiver of immunity. *See id.* § 271.155. We therefore affirm the order of the trial court.

## I. *Factual Background*

The Fund provides self-insurance[1] benefits to its members, including CISD, under an interlocal participation agreement. The genesis of the parties' dispute arises from a 2018 hailstorm that damaged certain CISD buildings. As a result, CISD filed a property damage claim with the Fund, which the Fund adjusted and paid in the amount of approximately $1.1 million. Later, CISD hired an independent investigator to adjust and value the loss; the investigator determined that there was additional covered damage to CISD's property totaling approximately $3.2 million.

---

[1]This appeal does not fall under the provisions of the insurance code. *See generally* TEX. GOV'T CODE ANN. § 791.001 *et seq*. (West 2012 & Supp. 2022).

The Property Coverage Agreement between the parties contains a provision that necessary repairs must be made within 365 days after a loss is reported to the Fund. The parties do not dispute that CISD failed to comply with this requirement. Nevertheless, CISD filed suit after the Fund refused to pay the additional $3.2 million claim that it presented.

The Fund filed a partial plea to the jurisdiction in which it asserted its entitlement to governmental immunity as a defense to many of CISD's original claims. Over time, CISD filed a series of amended petitions; its live pleading[2] at the time the trial court ruled on the Fund's plea—its fifth amended petition—alleged only a cause of action for breach of contract and a claim for attorney's fees against the Fund.

In its live pleading, CISD alleged that the Fund's conduct—in substantially underpaying the amount of the loss and by refusing to pay the additional amounts when CISD demanded that it do so—excused CISD from meeting the 365-day-repair condition that would trigger the Fund's obligation to pay a covered claim. CISD also alleged, defensively, that the Fund had waived or was estopped from asserting its contractual rights and defenses under this requirement. The Fund later supplemented its partial plea to the jurisdiction and contended that waiver and estoppel, in the manner as alleged by CISD, are not "claims" for which its governmental immunity is waived under Section 271.152. After a hearing, the trial court denied the Fund's plea. This appeal followed.

## II. *Standard of Review*

Before a court may decide a case, it is essential that the court possess subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex.

---

[2]After the trial court signed the order denying the Fund's partial plea to the jurisdiction, CISD filed, with leave, its sixth amended petition.

2000).  Whether a trial court has subject-matter jurisdiction over a case is a question of law that we review de novo.  *Harris Cnty. v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)); *Ector Cnty. v. Breedlove*, 168 S.W.3d 864, 865 (Tex. App.—Eastland 2004, no pet.).

A.  *Governmental Immunity*

Governmental immunity embraces two concepts: immunity from suit and immunity from liability.  *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006); *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Governmental immunity protects political subdivisions of the State, which include self-insurance pools like the Fund, against suits and legal liability.  *Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022) (holding that governmental immunity applies to political subdivisions); *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivs. Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 326 (Tex. 2006) (concluding that the self-insurance pool's "'nature, purposes and powers' demonstrate legislative intent that it exists as a distinct governmental entity entitled to assert immunity in its own right for the performance of a governmental function"); *Tex. Mun. League Intergovernmental Risk Pool v. City of Abilene*, 551 S.W.3d 337, 340 (Tex. App.—Eastland 2018, pet. dism'd).  Thus, governmental immunity would bar CISD's suit against the Fund unless the legislature has expressly and unambiguously waived the Fund's immunity.  *See Dohlen*, 643 S.W.3d at 392 (citing *Tooke*, 197 S.W.3d at 330); *see also Chambers-Liberty Cntys. Navigation Dist. v. State*, 575 S.W.3d 339, 344 (Tex. 2019).

B.  *Plea to the Jurisdiction*

Governmental immunity from suit implicates and defeats a trial court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction.

4

*Dohlen*, 643 S.W.3d at 392; *Miranda*, 133 S.W.3d at 225–26. The purpose of a plea to the jurisdiction is to defeat a pleaded cause of action without reaching the merits. *Blue*, 34 S.W.3d at 554. A plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both. *Tex. Dep't of Crim. Justice v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020); *City of Merkel v. Copeland*, 561 S.W.3d 720, 723 (Tex. App.—Eastland 2018, pet. denied). When the plea challenges the pleadings, as in the case before us, we must determine if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear and decide the cause. *Rangel*, 595 S.W.3d at 205. We liberally construe the pleadings, accept as true all factual assertions, and look to the pleader's intent. *Id.* If the allegations create a fact question regarding jurisdiction, a trial court may not grant the plea because the factfinder must resolve the fact issue. *Id.* But if the pleader fails to raise a fact question on the jurisdictional issue, the trial court will rule on the plea as a matter of law. *Id.*

### III. *Analysis*

Central to the parties' arguments, and our analysis, are two provisions in the Act: Section 271.152 (the immunity waiver provision) and Section 271.155 (the retention of available defenses provision). *See* LOC. GOV'T §§ 271.152, .155. The Act waives immunity from suit for a local governmental entity, such as the Fund, for claims that pertain to and arise from the execution of a contract and the entity's alleged breach of the contract. Section 271.152 of the Act provides:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of contract, subject to the terms and conditions of this subchapter.

LOC. GOV'T § 271.152. On the other hand, Section 271.155 does not waive, and specifically preserves, any *defense* or a limitation on damages that is available to a party to a contract. *Id.* § 271.155.

Here, it is undisputed that the Fund is a local governmental entity subject to the provisions of the Act, and that the self-insurance policy held by CISD as a member of the Fund is a contract that falls under the Act's waiver of governmental immunity. Consequently, because the Fund's immunity is waived for the underlying breach of contract claim that CISD has alleged against it, the focus of the Fund's plea is its challenge to the waiver and estoppel theories that CISD has asserted and the context in which they have been raised.

We note from the outset that the identical immunity waiver dispute that is before us was recently addressed by the Dallas Court of Appeals in a case involving the Fund and a different school district. *Tex. Assoc. of Sch. Bds. Risk Mgmt. Fund v. Greenville Indep. Sch. Dist.*, No. 05-21-01012-CV, 2022 WL 2816532 (Tex. App.—Dallas July 19, 2022, pet. denied) (mem. op.). In *Greenville*, the Fund appealed the trial court's denial of its partial plea to the jurisdiction on the grounds that the school district had raised three "extracontractual claims—waiver, estoppel, and unconscionability—for which there was no waiver of immunity" under the Act. *Id.* at *2. In affirming the trial court's denial of the Fund's plea, the *Greenville* court held that, pursuant to Section 271.155, the school district's *defensive* assertions of waiver and estoppel defeated the Fund's condition precedent defense to the school district's breach of contract claim that the Fund had asserted in its plea. *See id.* at *2–4 (citing *City of Corpus Christi v. Graham Constr. Servs., Inc.*, No. 13-19-00367-CV, 2020 WL 3478661, at *4 (Tex. App.—Corpus Christi–Edinburg June 25, 2020, pet. denied) (mem. op.)). The court further noted, importantly, that Section 271.155 provides that the Act does not waive *defenses* that are available to a party

6

to a contract. Loc. Gov't § 271.155; *see Greenville*, 2022 WL 2816532, at \*3–4; *Graham Constr. Servs.*, 2020 WL 3478661, at \*4. We agree with this rationale.

A. *The Act Specifically Permits the Assertion of Affirmative Defenses*

The Fund characterizes CISD's waiver and estoppel assertions as "extra-contractual equitable claims" and contends that the Act does not waive its immunity from CISD's assertion of these "claims." The Fund's argument suggests that CISD's waiver and estoppel assertions are tantamount to CISD alleging separate causes of action to which a recovery would be sought. However, waiver and estoppel in the manner asserted by CISD in this case are neither "claims" nor "extra-contractual" in nature. Rather, they are, in context and application, *defenses*. The equitable nature of an asserted claim, defense, or remedy is immaterial to the question of whether they fall within the Act's waiver of immunity. The relevant inquiry is whether the claim, defense, or remedy asserted meets the parameters and scope of the immunity language in Section 271.152 of the Act. Because CISD's *defensive* assertions of waiver and estoppel meet those parameters, they are encompassed within the Act's waiver of immunity. Therefore, the Act does not foreclose—and CISD is not precluded from raising and relying on—these *defenses* in prosecuting the underlying breach of contract claim it has alleged against the Fund. These *defenses* are clearly available to CISD under Section 271.155 and are not waived.

In Texas, a party entangled in a litigious controversy with another may assert a "cause of action" or "claim" that, if presented in an appropriate proceeding, the courts will adjudicate. 1 McDonald & Carlson Tex. Civ. Prac. § 4.3 (2d. ed.). Essential to showing a cause of action are "allegations sufficient to invoke a rule of substantive law that, under the circumstances alleged, vests in the plaintiff a right and imposes upon the defendant a corresponding duty that it has breached." *Id.* Though a cause of action or claim may be met in a wide variety of contexts, the

above definition generally holds throughout. *Id.* An affirmative defense is a negation of the plaintiff's right to judgment, even if the plaintiff establishes every allegation in its pleadings. 2 MCDONALD & CARLSON TEX. CIV. PRAC. § 9:44 (2d. ed.). Rather than seeking to rebut the factual propositions asserted by the plaintiff, an affirmative defense seeks to establish an independent reason why the plaintiff should not recover. *Id.* That is, an affirmative defense is one of avoidance, rather than a defense in denial of a claim. *Id.*

Like governmental immunity, waiver and estoppel are affirmative *defenses*. *See* TEX. R. CIV. P. 94. Waiver and estoppel are also equitable in nature and are available to, and may be asserted by, parties to a contract. *See Greenville*, 2022 WL 2816532, at *3–4; *Enter. Leasing Co. of Houston v. Harris Cnty. Toll Road Auth.*, 356 S.W.3d 85, 89–90 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Cal-Tex Lumber Co. v. Owens Handle Co.*, 989 S.W.2d 802, 812 (Tex. App.—Tyler 1999, no pet.).

Generally, estoppel is based on the principle that "one who by his conduct has induced another to act in a particular manner should not be permitted to adopt an inconsistent position and thereby cause loss or injury to another." *Fabrique, Inc. v. Corman*, 796 S.W.2d 790, 792 (Tex. App.—Dallas 1990, writ denied). Equitable estoppel is established when (1) a false representation or concealment of material facts, (2) is made with knowledge, actual or constructive, of those facts, (3) with the intention that it should be acted upon, (4) to a party without knowledge or means of obtaining knowledge of the facts, (5) who detrimentally relies on the representations. *See Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515–16 (Tex. 1998).

Waiver, on the other hand, is the intentional relinquishment of a known right, or intentional conduct inconsistent with claiming that right. *Sun Expl. & Prod. Co. v.*

*Benton*, 728 S.W.2d 35, 37 (Tex. 1987). The elements of waiver are (1) an existing right, benefit, or advantage; (2) a knowledge, actual or constructive, of its existence; and (3) an actual intention to relinquish it. *Vessels v. Anschutz Corp.*, 823 S.W.2d 762, 765 (Tex. App.—Texarkana 1992, writ denied).

Any provision in a contract can be waived, including notice requirements. *Roma Indep. Sch. Dist. v. Ewing Constr. Co.*, No. 04-12-00035-CV, 2012 WL 3025927, at *2 (Tex. App.—San Antonio July 25, 2012, pet. denied) (mem. op. on reh'g) (citing *Guzman v. Ugly Duckling Car Sales of Tex., L.L.P.*, 63 S.W.3d 522, 528 (Tex. App.—San Antonio 2001, pet. denied)). We conclude that because waiver and estoppel are affirmative *defenses* that are available to any party to a contract, such as the parties here, Section 271.155 applies to CISD's assertion of these *defenses* in the context in which they have been asserted and the Act's waiver encompasses them.[3] *See Greenville*, 2022 WL 2816532, at *2–4; *Graham Constr. Servs.*, 2020 WL 3478661, at *4.

B. City of Mesquite *and* Zachry

In addition to the Act's specific preservation of defenses in Section 271.155, the *Greenville* court relied on another argument, in part, as a basis to affirm the trial court's denial of the Fund's plea in that case. *See Greenville*, 2022 WL 2816532 at

---

[3]At oral argument, counsel for the Fund argued that even if Section 271.155 was applicable here, its preservation of defenses and the ability of a party to assert any available contract defenses could only be raised by a governmental entity. The Fund's argument is misplaced. On the contrary, nothing in the language of Section 271.155 indicates that "available defenses" may only be invoked by a governmental entity. Section 271.155 simply states that the Act "does not waive a *defense* or a limitation on damages available to *a party to a contract*." LOC. GOV'T § 271.155 (emphasis added); *cf. City of Abilene*, 551 S.W.3d at 345–46 (holding the same regarding Section 271.154). Here, because there is no dispute that CISD is a party to the contract at issue, it may avail itself of the protections and remedies provided by Section 271.155. Moreover, even if the Fund were correct in its assertion, its argument would fail because CISD, as a school district, is a political subdivision of the State and therefore entitled to assert and rely on the same statutory protections and defenses afforded to other governmental entities. *See City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011); *Goodson v. City of Abilene*, 295 S.W.3d 692, 694 (Tex. App.—Eastland 2009, no pet.).

*2–3.   The parties in the matter before us have extensively briefed this same argument, which concerns the proper construction and scope of the Act's immunity waiver in Section 271.152.  This argument centers on a line of cases originating with *City of Mesquite*, in which the Dallas Court of Appeals held that "[o]nce the trial court determines whether the contract falls within the provisions of section 271.152, it need not parse further the pleadings or the contract to determine whether the legislature has waived immunity for breach of contract claims."  *City of Mesquite v. PKG Contracting, Inc.*, 263 S.W.3d 444, 447 (Tex. App—Dallas 2008, pet. denied). Here, as the parties did in *Greenville*, CISD argues that the holding in *City of Mesquite* is controlling; however, the Fund contends that the Texas Supreme Court's decision in *Zachry* abrogated *City of Mesquite*.  *See Greenville*, 2022 WL 2816532, at *2–3 (reaffirming *City of Mesquite*); *see also Zachry Constr. Corp. v. Port of Houston Auth. of Harris Cnty.*, 449 S.W.3d 98, 110 n.54 (Tex. 2014).  Irrespective of the parties' arguments, and because neither party disputes that the contract in this case falls under the Act's waiver of immunity, the outcome of the appeal before us would be the same under either scenario.  Significantly, the question presented here—whether CISD's *defensive* assertions of waiver and estoppel fall within the Act's waiver of immunity—has only one answer: they do.  *See* LOC. GOV'T § 271.155.  Therefore, we decline to address the parties' arguments regarding the applicability of *City of Mesquite* and *Zachry* today.  *See* TEX. R. APP. P. 47.1.

Moreover, although the holding in *Greenville* and the court's discussion of the application of Section 271.155 in that case are instructive and persuasive, we, respectfully, do not adopt our sister court's broad construction of the scope of the Act's immunity waiver in Section 271.152—that the Act waives immunity for "*any claim*[ ]" that arises from or is related to a breach of contract cause of action. *Compare Greenville*, 2022 WL 2816532, at *2 (quoting *City of Mesquite*), *with*

10

*Zachry*, 449 S.W.3d at 109 ("The Act waives immunity for contract claims *that meet certain conditions*: the existence of a specific type of contract, a demand for certain kinds of damages, a state forum, etc. The waiver . . . require[s] a showing of a *substantial* claim that meets the Act's conditions.") (emphasis added). Such a broad construction is inconsistent with how Texas courts have addressed whether "other claims" that arise from or are related to a breach of contract cause of action should be subject to the same waiver of immunity.[4]

## IV. *This Court's Ruling*

We hold, like our sister court in *Greenville*, that the Act specifically preserves CISD's ability to raise its *defensive* theories of waiver and estoppel in the underlying suit. *See* LOC. GOV'T § 271.155; *Greenville*, 2022 WL 2816532, at *2–4. Therefore,

---

[4]Although the Texas Supreme Court has yet to specifically address whether a claim sounding in quantum meruit was intended to be included in the Act's immunity waiver provisions, some of our sister courts of appeals have concluded that the Act does not waive immunity for such claims because quantum meruit is not a claim for "breach of contract" but, rather, is considered to be quasi-contractual. *See City of Deer Park v. Ibarra*, No. 01-10-00490-CV, 2011 WL 3820798, at *6 (Tex. App.—Houston [1st Dist.] Aug. 25, 2011, no pet.) (mem. op.); *City of Houston v. Swinerton Builders, Inc.*, 233 S.W.3d 4, 11–13 (Tex. App.—Houston [1st Dist.] 2007, no pet.). *But see City of Mason v. Blue Oak Eng'g, LLC*, No. 04-20-00227-CV, 2020 WL 7365452, at *2 (Tex. App.—San Antonio Dec. 16, 2020, pet. denied) (mem. op.) (relying on *City of Mesquite* to hold that a potential quantum meruit claim does not implicate jurisdiction); *Clear Creek Indep. Sch. Dist. v. Cotton Com. USA, Inc.*, 529 S.W.3d 569, 585 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (similar). Further, actions for specific performance, which arise from a breach of contract dispute, are waived and may be maintained under the Act. *See* LOC. GOV'T § 271.153(c). Certainly, had the legislature intended to except an action for specific performance from the Act's waiver of immunity, it would have so stated. *See Hays St. Bridge Restoration Grp. v. City of San Antonio*, 570 S.W.3d 697, 708 (Tex. 2019) ("To read former Section 271.153 as impliedly prohibiting every suit seeking an equitable remedy against a local governmental entity would too greatly restrict the general waiver of immunity in Section 271.152."); *Tex. Mun. League Intergovernmental Risk Pool v. City of Hidalgo*, No. 13-19-00096-CV, 2020 WL 1181251, at *8 (Tex. App.—Corpus Christi–Edinburg Mar. 12, 2020, no pet.) (mem. op.) ("We cannot conclude that the legislature intended to restrict the availability of equitable relief or specific performance . . . ."); *Houston Comm. College Sys. v. HV BTW, LP*, 589 S.W.3d 204, 218 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("The legislature expressly excluded certain types of damages for breach of either type of contract. . . . The legislature did not similarly limit the types of equitable remedies available for breach of service contracts."); *see also Harris Cnty. Flood Control Dist. v. Great Am. Ins. Co.*, 359 S.W.3d 736, 747–48 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (holding that claims by a surety for equitable subrogation fall within the Act's waiver).

the trial court did not err when it denied the Fund's partial plea to the jurisdiction. Accordingly, we overrule the Fund's sole issue on appeal, and we affirm the order of the trial court.


W. STACY TROTTER

JUSTICE


January 19, 2023

Panel consists of: Trotter, J.,
Williams, J., and Wright. S.C.J.[5]

Bailey, C.J., not participating.

---

[5]Jim. R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.